THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* DAVID S. THOMAS, Appellant.

First Department, May 29, 1931.

*Gabriel L. Kaplan,* for the appellant.

*Robert Daru* of counsel [*Thomas C. T. Crain, District Attorney*], for the respondent.

MERRELL, J. Defendant was convicted of a violation of subdivision 5 of section 70 of the Vehicle and Traffic Law. The statute in question provides as follows: " Any person operating a motor vehicle or motor cycle who, knowing that damage has been caused to a vehicle, due to the culpability of the person operating such motor vehicle or motor cycle, or to accident, leaves the place where the damage occurred without stopping and giving his name, residence, including street and number, and license number to the party sustaining the damage, or to a police officer, or in case no police officer is in the vicinity of the place where the damage occurred then reporting the same to the nearest police station, or judicial officer, shall be guilty of a misdemeanor."

On February 14, 1931, at half-past two o'clock in the afternoon, defendant was driving a Hupmobile sedan in a northerly direction on Fifth avenue between Fifty-first and Fifty-second streets. With

him was his three-year-old child. The complainant, Abraham Feinberg, was " cruising " in a taxicab, proceeding in the same direction as defendant, seeking to obtain a fare. As defendant in his automobile came upon the complainant, he turned out to the left to pass complainant, and in doing so the right side of the front bumper of defendant's automobile touched the left side of the rear bumper of complainant's taxicab. Defendant at once checked the speed of his car and looked to see if there had been any injury done by the slight collision. The complainant had not slowed up his car, but continued up the avenue, and defendant did likewise. When defendant had gone a distance of several blocks, and when about 100 feet south of Fifty-ninth street, complainant's car, in which there was then a passenger riding, drew up beside defendant's automobile. Complainant then testified that " I said, when you touch a man's bumper don't you think you ought to stop? He said he didn't think there was any damage. I said you didn't do any damage but you ought to stop and we got into a little argument and he said let's see your license and I call the officer. Q. You said to him, let's see your license? A. Yes. Q. Did he show you his license? A. Yes, he did." The evidence shows that some argument then ensued between the complainant and defendant, the result of which was complainant called an officer and ordered him to arrest defendant for intoxication. This the officer refused to do, but defendant was arrested for leaving the place of the accident in violation of the statute in question. Subsequently the charge against defendant of driving while intoxicated was dismissed, but defendant was held by the magistrate for violation of subdivision 5 of section 70 of the Vehicle and Traffic Law.

We are of the opinion that the proofs were insufficient to justify the conviction of the defendant upon the charge against him. In the complaint the defendant was charged as follows: " David S. Thomas * * * did violate the provisions of subdivision 5 of Section 70, Chapter 54 of the Laws of 1929, known as the New York State Vehicle and Traffic Law of the State of New York, in that a motor vehicle driven by defendant over and along 5th Avenue and 52nd Street, in the said county having collided with the vehicle of deponent, *due to the culpability said defendant* knowing that damage was caused to the vehicle of deponent, did then and there leave the place of said damage or accident, without stopping, giving his name, residence, including street and street number, and his (defendant's) license number to the party sustaining the damage, to wit: said complainant, or to a police officer who was in the immediate vicinity of the place of injury or accident, or reporting said damage or accident forthwith to the nearest police station." (Italics are

the writer's.) At the trial there was no proof that the collision between the complainant's taxicab and defendant's automobile was in anywise due to the culpability of defendant, but, in so far as there was any collision, it was the result of an accident. The proofs, therefore, were insufficient to sustain the charge that the collision was due to the culpability of defendant. It was not alleged in the complaint that the collision was the result of an accident. But beyond all of this, the statute which defendant is charged with violating predicates liability upon the fact that damage had been caused to the complainant's vehicle and that such damage was known to defendant when he left the place where the damage occurred without stopping and giving his name and other particulars required by the statute to the party sustaining the damage or to a police officer, or, in the absence of a police officer in the vicinity, then by reporting the same to the nearest police station or judicial officer. The evidence here shows not only that there was no damage caused to the complainant's vehicle, but there is an entire absence of proof that defendant left the place where the collision occurred knowing that damage had been caused to the complainant's taxicab. As to damage having been caused by the collision, the complainant testified as follows: " He touched the bumper and a bracket came off and I put it on myself." This was the only evidence of damage, and, indeed, the complainant testified that he told defendant that he " didn't do any damage." There is no evidence showing any possible knowledge on the part of defendant that he left the place where the collision occurred knowing that damage had been caused to the complainant's vehicle. Under such circumstances, we think there was no evidence justifying finding defendant guilty of a violation of the statute in question.

The judgment of conviction should be reversed, the complaint dismissed, the fine imposed upon defendant remitted, and defendant discharged.

Finch, P. J., McAvoy, Martin and Sherman, JJ., concur.

Judgment reversed, the complaint dismissed, the fine remitted and the defendant discharged.