## SCOTT v. DISTRICT OF COLUMBIA.
### No. 565.

Municipal Court of Appeals for the
District of Columbia.

Nov. 21, 1947.

Otho D. Branson, of Washington, D. C.
(Emerson W. Browne, of Washington, D.
C., on the brief), for appellant.

Chester H. Gray, Principal Asst. Corp.
Counsel, of Washington, D. C. (Vernon E.
West, Corp. Counsel, and Edward A.
Beard, Asst. Corp. Counsel, both of Washington, D. C., on the brief) for appellee.

Before CAYTON, Chief Judge, and
HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Defendant appeals from a conviction on
a charge of "leaving after colliding." Code
1940, Supp. V, 40—609(a).[1] The statute
just cited makes it a crime for the operator of an automobile who has caused "substantial damage" to property to leave the
scene without making his identity known.

The only statement of error in the record challenges the legality of the conviction
on the ground that the prosecution failed
to establish that there was "substantial
damage" to the struck vehicle. There was
evidence that defendant's car, in making a
left turn into the street where the struck
vehicle was parked, made "a terrible skid"
and executed the turn on two wheels; that
just before the impact, the application of
his brakes caused a loud screeching noise;

---

[1] The part of the statute here applicable is as follows:

"Any person operating a vehicle, who
shall injure any person therewith, or
who shall do substantial damage to property therewith and fail to stop and give
assistance, together with his name, place
of residence, including street and number, and the name and address of the
owner of the vehicle so operated, to the
person so injured, or to the owner of
such property so damaged, or to the
operator of such other vehicle, or to any
bystander who shall request such information on behalf of the injured person,
or, if such owner or operator is not present, then he shall report the information
above required to a police station or to
any police officer within the District immediately."

that the noise of the crash was heard a block away; that the front of defendant's car struck the rear of the other car with a "terrible lick," "mashed in" the rear bumper, damaged the trunk and skirt, "knocked out" the speedometer and drove the car up and over the sidewalk into a lamp post. There was also evidence that defendant's front bumper was knocked off and dragging on the ground, that his front license plate was knocked completely off and that a fender was dragging noisily against a tire.

■ We agree with the trial judge that this evidence indicated "substantial damage" within the meaning of the statute. This was no light or trifling impact. Unless defendant was completely oblivious to what had happened, he must surely have known that he had caused damage of a substantial nature to the other car and that by fleeing the scene he would be running afoul the "hit and run" statute.

We are cited to no case, and we have found none, defining "substantial damage" as used in a statute of this kind. General legal definitions, while helpful, are not directly applicable here.[2] Nor do we intend to lay down a rule of thumb to govern every future case. We think it is sufficient to say, as we do, that the damage inflicted by this defendant was not nominal, trifling or illusory, but "substantial" within the meaning of the statute.

■ Appellant argues that the charge should have been dismissed because the Government failed to prove the cost of repairing the damage. Such evidence would probably have assisted the trial judge in gauging the extent of the damage. But in view of the testimony we have already recited, proof of repair cost would have been largely corroborative for the purposes of this prosecution. We cannot say that such proof is essential in these cases.

■ Congress in framing this statute intended to discourage and punish "hit and run" drivers. It refrained from prescribing in terms of repair cost the amount or extent of damage intended to be covered. Such a money test could almost never be met by the average automobile driver; for he would hardly be able at the moment of a collision to make a financial calculation of the cost of repair and make an immediate decision as to whether to keep on going or remain and make his identity known. But any reasonable motorist should know whether the damage he had caused was substantial or not; and if there is any doubt about it he should obey the statute and not take the chance involved in leaving the scene of the accident.

■ Though he did not question the validity of the statute in the trial court nor assign it as error in perfecting his appeal, appellant in his brief makes an argument attacking the statute as being indefinite and therefore invalid. He poses this question:

"Suppose a defendant knowingly knew the regulation, gets out and looks at a car and decides no substantial damage was done and proceeded on, but an officer arrives on the scene and decides that substantial damage was done. What would be a reasonable rule to guide the defendant as to whether he had violated the regulation or not when in his own judgment there was no substantial damage done although by the judgment of others substantial damage was done."

The answer to such question has been given by the courts in other cases. "The law is full of instances where a man's fate depends upon his estimating rightly, that is, as the jury subsequently estimates it, some matter of degree."[3] This is certainly not casting an unreasonable burden on the motorist who has become involved in a collision. It is merely prescribing "reasonable ascertainable standards of guilt."[4] We have no doubt at all that the statute here involved is completely valid.

[2] Ewald v. Commissioner of Int. Rev., 6 Cir., 141 F.2d 750; Seglem v. Skelly Oil Co., 145 Kan. 216, 65 P.2d 553; In re Krause's Estate, 173 Wash. 1, 21 P. 2d 268; Vermont Accident Ins. Co. v. Burns, 114, Vt. 143, 40 A.2d 707; Lewandoski v. Finkel, 129 Conn. 526, 29 A.2d 762.

[3] Holmes, J., in Nash v. United States, 229 U.S. 373, 33 S.Ct. 780, 57 L.Ed. 1232.

[4] See Siegman v. District of Columbia, D.C.Mun.App., 48 A.2d 764, 765, and cases there cited.