### FILIPPONE v. DISTRICT OF COLUMBIA.

### No. 675.

Municipal Court of Appeals for the District of Columbia.

Sept. 21, 1948.

James D. McQuade, of Washington, D. C., for appellant.

Edward A. Beard, Asst. Corp. Council, of Washington D. C. (Vernon E. West, Corp. Council, and Chester H. Gray, Principal Asst. Corp. Council, both of Washington D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Defendant was convicted and fined on a charge that he violated a traffic regulation which requires that a motorist approaching an intersection controlled by an official stop sign shall yield the right of way to other vehicles within the intersection or approaching so closely thereto as to constitute an immediate hazard.[1] He appeals, charging that the finding of guilt by the trial judge was contrary to the evidence and the law, and was not supported by the evidence.

From our study of the statement of evidence in the light of the errors assigned we have decided that we would not be justified in disturbing the judgment. It is clear that the case turned on issues of fact and was to be decided according to the weight of the evidence presented to the trial judge. Therefore no purpose would here be served by reciting the evidence in detail or setting forth what each of the witnesses said con-

---

[1] Section 28(b), Traffic and Motor Vehicle Regulations for the District of Columbia.

cerning the relative positions of the two automobiles—defendant's and the one with which he was in collision—or concerning their relative speeds and distances from the intersection. The testimony was in conflict, and the inferences which the trial judge could properly and reasonably draw from the testimony were even more conflicting.

■■ It is true that only one witness testified for the government and that in her testimony there were elements of weakness and contradiction. It is also true that two witnesses testified for the defense. But we cannot reweigh the evidence or override the findings; we cannot say "that the judgment is plainly wrong or without evidence to support it." [2] As was said in Nolan v. Werth, 79 U.S.App.D.C. 33, 142 F.2d 9, 10:

"In the case we have here it is enough to say, as the Supreme Court said in Lawson v. United States Mining Co., 207 U.S. 1–12, 28 S.Ct. 15, 52 L.Ed. 65, that if the testimony is not sufficient to show that the trial court's decision is necessarily right, it wholly fails to show that it is necessarily wrong, from which it follows that the appellate court was incorrect in substituting its own findings."

Affirmed.

---

[2] Code 1940, Supp. V, § 11—772(c).