John A. RUSSELL, Jr., Appellant,

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 1708.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 7, 1955.

Decided Nov. 22, 1955.

James C. Gregg, with whom Reid C. Tait, Washington, D. C., was on the brief, for appellant.

Hubert B. Pair, Asst. Corp. Counsel, with whom Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, and Milton D. Korman, Asst. Corp. Counsel, were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

■■■■ Defendant appeals from a conviction on a charge of "leaving after colliding." Code 1951, Supp. III, 40–609(a).[1] This statute makes it a crime for an automobile operator who has caused "substantial damage" to property to leave the scene without first making his identity known. Defendant argues that he is entitled to a reversal because (1) the finding of guilt

was contrary to the evidence and to the weight of the evidence, and (2) the prosecution failed to establish that there was "substantial damage to the struck car." The testimony was in flat contradiction as to the striking. Complainant testified that an automobile operated by defendant struck the rear of his automobile as it was turning into the driveway of a service station, forcing his car into the curb and damaging the left front wheel; that defendant followed his car into the service station, stopped momentarily and departed without making his identity known. Defendant denied striking complainant's automobile but did admit following it into the service station and then driving away. Where there is a direct conflict between the testimony of the defendant and his witnesses and that of the witnesses for the prosecution, the only safe and realistic approach is to leave such matters to the wisdom and experience of trial judges; and if there is substantial evidence to support the conviction we have no right to reverse.[2]

■■■ Defendant argues that even if the collision occurred, the prosecution failed to establish there was "substantial damage" to the struck vehicle inasmuch as the prosecution failed to prove the cost of repairing the damage to the left front wheel which, according to the complainant, became so "wobbly" that he could not steer the automobile. This court had occasion to consider that question in Scott v. District of Columbia, D.C.Mun.App., 55 A.2d 854, and held that such proof would be largely corroborative where there was other evidence that defendant caused substantial damage. No error appearing, the judgment of the trial court is

Affirmed.

1. "(a) Any person operating a vehicle * * * who shall do substantial damage to property therewith and fail to stop and give * * * his name, place of residence, * * * and the name and address of the owner of the vehicle so operated, * * * to the operator of such other vehicle, * * * shall, upon conviction of the first offense, be fined not more than $500, or shall be imprisoned not more than six months, or both; * * *."

2. Brenke v. United States, D.C.Mun.App., 78 A.2d 677; Filippone v. District of Columbia, D.C.Mun.App., 61 A.2d 565.