Robert M. DALY, Appellant,

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 2053.

Municipal Court of Appeals for the
District of Columbia.

Submitted Sept. 9, 1957.

Decided Sept. 27, 1957.

Edward F. Daly, Washington, D. C.,
for appellant.

Chester H. Gray, Corporation Counsel,
Milton D. Korman, Principal Asst. Corpo-
ration Counsel, Hubert B. Pair and Richard
W. Barton, Asst. Corporation Counsel,
Washington, D. C., for appellee.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant was convicted of violating a
traffic regulation which requires that "An
operator shall, when operating a vehicle,
give his full time and attention to the opera-
tion of the same."[1] The facts were stipu-
lated and according to the record this is
what occurred:

On April 23, 1957, at about 10:20 p.m.,
appellant, while operating a vehicle, struck
the south end of a streetcar loading plat-
form and continued

> "* * * riding the platform for
> about 38 feet north, came off the plat-
> form, continued 112 feet on the wrong
> side of Fourteenth Street, collided with
> the left side, from front to rear, of a
> '53 Pontiac, * * * pushing the
> Pontiac back into the front of a '51
> Olds sedan * * *."

Several persons were injured and consider-
able property damage resulted. Appellant's
only explanation to the police officer investi-
gating the accident was that he could not
remember was happened. On the basis of
these facts, the trial court found appellant
guilty.

▮ While several errors are alleged
on this appeal, appellant's principal conten-
tion concerns the sufficiency of the evi-
dence. He argues that there was no proof
that he was not devoting his full time and
attention to the operation of the vehicle.
While it must be conceded that there was
no direct testimony on this point, we think
the evidence considered as a whole war-
ranted the trial court's finding of guilt. In
proving a violation of a regulation of this
character circumstantial evidence may have
to be resorted to, and it has been held that
such is sufficient to sustain a criminal con-
viction.[2]

1. D.C. Traffic & Motor Vehicle Regula-
tions, Part I, § 99(c).

2. Ziegler v. District of Columbia, D.C.
Mun.App.1950, 71 A.2d 618.

Appellant's other contention, that the transit company was either negligent or contributorily negligent in failing to place a light on the loading platform, is without merit.

Affirmed.