Joseph R. **PETERSON**, Appellant,

v.

**DISTRICT OF COLUMBIA**, Appellee.

Nos. 2778, 2779.

Municipal Court of Appeals for the
District of Columbia.

Argued April 3, 1961.

Decided June 2, 1961.

Ellsworth T. Simpson, Washington, D. C., with whom Nylen, Gilmore & Simpson, Washington, D. C., was on the brief, for appellant.

Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman,

Principal Asst. Corp. Counsel, and Hubert B. Pair and John R. Hess, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

HOOD, Associate Judge.

Appellant was convicted of two traffic offenses, namely, "colliding" [1] and "leaving after colliding." [2] He asserts that the evidence was not sufficient to support either conviction.

The evidence was that at about two hours after midnight an automobile owned by one Margaret Middleton collided with an automobile parked in front of its owner's home; that the only occupant of the striking vehicle was the driver, a man, and immediately after the collision he abandoned the automobile and ran away. Two neighbors of the owner of the parked vehicle heard the noise of the collision and saw the driver get out and run away. One of them made no attempt to identify appellant as the driver; the other testified he could not be sure as to the driver's identity, but that appellant "looked like" the driver.

In addition to the above there was evidence that appellant was a friend of Middleton, the owner of the striking vehicle, and that he had access to its keys and occasionally drove it. But there was no evidence that appellant drove the automobile on the night of the collision other than the testimony of the single witness that appellant looked like the man who got out and ran away.

■■ Viewed in the light most favorable to the prosecution, the total effect of the evidence established only the possibility that appellant was the driver of the strik-

---

**1.** See Section 22 of the Traffic & Motor Vehicle Regulations.

**2.** See Code 1951, § 40–609, Supp. VIII.

ing automobile; but conviction of a criminal offense requires more support than a mere possibility.

Reversed with instructions to enter judgments of acquittal.