Daniel W. JACKSON, Jr., Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

Nos. 2951, 2952.

Municipal Court of Appeals for the District of Columbia.

Argued April 2, 1962.

Decided May 11, 1962.

Rehearing Denied May 23, 1962.

---

1. Myers v. Firemen's Insurance Co. of Washington, D. C., 107 U.S.App.D.C. 22, 274 F.2d 84.

2. Code 1961, § 11–756.

E. Lewis Ferrell, Washington, D. C., for appellant.

H. Thomas Sisk, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

QUINN, Associate Judge.

Appellant was convicted of operating an automobile during a period for which his operator's permit was revoked [1] and failing to control its speed so as to avoid colliding with another vehicle.[2] In this appeal it is urged that there was insufficient evidence to establish (1) that appellant was the operator of the vehicle, and (2) his failure to control the speed of the automobile.

■ According to the statement of proceedings and evidence, an officer of the Metropolitan Police Department, while inside a fire engine house, heard what seemed to be a crash. Some three to five minutes later he arrived at the scene of an automobile collision. He observed appellant behind the steering wheel of the striking vehicle attempting to change gears and turn the wheel. In reply to the officer's inquiry appellant said he was not the driver; that a school friend named Charlie had been driving and had run off after the accident. Appellant was unable to give the full name and address of his friend and was arrested for "colliding." Thereafter the officer searched appellant and found the ignition key in his shirt pocket. Appellant was taken to the precinct where it was learned from his traffic record that his operator's permit had been revoked. The officer then charged appellant with "operating after revocation."

Appellant's mother testified that the automobile involved in the accident was owned by her, that her son had custody of it on the date in question, but that she did not authorize him to operate it. Appellant testified that he was not the driver, that his friend

1. Code 1951, 40-302(d).

2. D.C. Traffic and Motor Vehicle Regulations, Part I, Art. VI, Section 22(a).

was, and that the latter had left the scene of the accident before the police arrived. He said he did not know his friend's full name but that he attended a vocational school with him where they learned to repair automobiles. Appellant stated that although he did not attempt to get his friend's name and address from the school authorities before trial, he did try to secure this information from other sources. He testified further that at the time the officer observed him behind the wheel, he was attempting to get out of the automobile; that he had tried to get out on the passenger side but the door was stuck. The officer was recalled and testified that he did not observe any damage to the right side, and that all the damage was to the right front of the automobile.

Appellant stipulated at trial that his operator's permit had been revoked and that such revocation was in effect on the date the offenses were allegedly committed. At the conclusion of the District's case and again at the conclusion of all the evidence, appellant moved for judgment of acquittal, which was denied. The jury returned a verdict of guilty of "operating after revocation" and the trial court found appellant guilty of "colliding." Judgment was entered, and appellant was sentenced to thirty days on each charge, the sentences to run consecutively.

Appellant maintains that there was insufficient evidence to establish that he was the operator of the vehicle within the meaning of Code Section 40–302(d).[3] However, appellant had custody of the automobile. He was seen behind the wheel of the vehicle manipulating its controls. The ignition key was later found in his shirt pocket. There was no explanation of why he was turning the wheel of the automobile or attempting to shift its gears. We believe that there was sufficient circumstantial evidence from which the jury could properly find, without speculation, that appellant was "in actual physical control of the vehicle, capable of putting the vehicle into movement or preventing its movement, and therefore operating the vehicle within the meaning of the statute."[4]

However, we are unable to find any evidence upon which the trial court could justifiably conclude that appellant, in violation of Section 22(a) of the Traffic and Motor Vehicle Regulations, failed to control the speed of the automobile so as to avoid colliding with another vehicle. That regulation provides:

## "ARTICLE VI. SPEED RESTRICTIONS

"Sec. 22. Speed Restrictions

"(a) No person shall drive a vehicle on a street or highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the street or highway in compliance with legal requirements and the duty of all persons to use due care."

Criminal responsibility is not imposed upon every driver who becomes involved in a collision.[5] The regulation requires that speed shall be reasonable and prudent under the conditions and so controlled as to comply with legal requirements and the exercise of due care. Speed is a necessary element

3. Code 1951, 40–302(d) provides: "Any individual found guilty of operating a motor vehicle in the District during the period for which his operator's permit is revoked or suspended or for which his right to operate is suspended under this act shall, for each such offense, be fined not less than $100 nor more than $500, or imprisoned not less than 30 days nor more than one year, or both."

4. Houston v. District of Columbia, D.C. Mun.App., 149 A.2d 790, 792 (1959).

5. Cf. Lohman v. District of Columbia, D.C. Mun.App., 51 A.2d 382, 384 (1947).

of the offense, and yet there is, in this case, no testimony to indicate the speed of the vehicle and no evidence as to the presence of skid marks, or the nature and force of impact.[6] Circumstantial evidence may be sufficient to sustain a criminal conviction,[7] but inferential proof of an ultimate fact may not be based upon mere possibility, speculation or conjecture.[8] The trial court erred in denying appellant's motion for judgment of acquittal with respect to the charge of colliding.

On the basis of the foregoing, the conviction of "colliding" is reversed, and the conviction of "operating after revocation" is affirmed.

Judgment in No. 2951 is reversed.

Judgment in No. 2952 is affirmed.

6. See Graham v. District of Columbia, D.C. Mun.App., 127 A.2d 150 (1956).

7. Daly v. District of Columbia, D.C.Mun. App., 134 A.2d 712 (1957).

8. Cf. Peterson v. District of Columbia, D.C.Mun.App., 171 A.2d 95 (1961).