Deborah P. BAKER, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

Katherine G. FREDRICKSEN, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

Nos. 3017, 3019.

Municipal Court of Appeals for the District of Columbia.

Argued July 2, 1962.

Decided Sept. 18, 1962.

---

Kenneth D. Wood, Washington, D. C., for appellants.

Ted D. Kuemmerling, Asst. Corporation Counsel, with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

Several members of the Metropolitan Police Department observed an apartment for approximately fourteen hours over a five-day period. During this time they saw forty-one men enter and remain inside for an average of twenty-five minutes. On at least three occasions appellant Baker and another female were observed at a window of the apartment. Armed with arrest warrants the police gained entry by forcing the door and found appellant Baker wearing a negligee and appellant Fredricksen attired in a blouse and shorts. Four Vietnamese soldiers were seated in the living room. When questioned the soldiers said they were friends of the girls and had come to take them to dinner; that none of them had undressed in the apartment, and that none of them had had sexual relations with either appellant.

Appellant Baker and one Wisnick were charged with operating a disorderly house, and both appellants and Wisnick were charged with vagrancy. On the date set for trial, the United States Attorney declined to prosecute the disorderly house charges, and the Corporation Counsel proceeded on the vagrancy informations. Both appellants were convicted under Code 1961, § 22–3302, which provides:

> "The following classes of persons shall be deemed vagrants in the District of Columbia:
>
> \* \* \* \* \* \*
>
> "(3) Any person leading an immoral or profligate life who has no lawful employment and who has no lawful means of support realized from a lawful occupation or source.
>
> "(4) Any person who keeps, operates, frequents, lives in, or is employed in any house or other establishment of ill fame, or who (whether married or single) engages in or commits acts of fornication or perversion for hire."

In their appeal appellants urge that the government failed to prove the elements necessary to support a conviction under either Subsection (3) or (4) and assign as error the trial court's refusal to grant their motion for judgment of acquit-

# 200

tal at the conclusion of the government's case. Although we have considered the evidence in a light most favorable to the government, accepting it as true and giving it the benefit of all reasonable inferences which may be drawn therefrom, we must agree with appellants' contention. The officers found nothing incriminating after they entered the apartment, and the evidence obtained from their outside observations fails to establish that appellants were leading immoral or profligate lives. No evidence was offered by or on behalf of appellants indicating a lawful occupation and source of income, but appellants' burden of proving a lawful means of support[1] does not arise until the prosecution has proved the other elements of the offense. Williams v. District of Columbia, D.C.Mun.App., 65 A.2d 924 (1949); Rogers v. District of Columbia, D.C.Mun.App., 31 A.2d 649 (1943).

Nor has it been established that appellants were keeping, operating, frequenting, living in, or employed in any house of ill fame, although the government contends that the evidence depicted the typical operation of a house of ill fame, citing Bennett v. United States, D.C.Mun.App., 171 A.2d 252 (1961). However, the Bennett case is clearly distinguishable. There the officer was admitted to the apartment by a convicted madam and vagrant, who on a previous occasion had been heard to tell a male visitor that the place was closed for the day and to come back between 10 a. m. and 6 p. m. any day except Sunday. When the police entered almost immediately they discovered several occupants in a state of relative undress in spite of a shouted warning by the madam. The fact that the police had to force the door in the case presently before us does not permit mere speculation as to what the police would have found had their entry been more immediate. As we have recently said, circumstantial evidence may be sufficient to sustain a criminal con-

viction, but inferential proof of an ultimate fact may not be based upon mere possibility, speculation or conjecture. Jackson v. District of Columbia, D.C.Mun.App., 180 A.2d 885 (1962).

Reversed with instructions to enter judgments of acquittal.

---

[1.] Code 1961, § 22–3303 provides: "In all prosecutions under paragraphs 1 or 3 of section 22–3302 the burden of proof shall be upon the defendant to show that he has lawful employment or has lawful means of support realized from a lawful occupation or source."