STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JAMES P. PATTERSON, DEFENDANT-APPELLANT.

Argued June 7, 1966—Decided July 6, 1966.

*Mr. Richard P. Weitzman* argued the cause for appellant (*Messrs. Weitzman, Brady & Weitzman,* attorneys; *Mr. Richard P. Weitzman,* on the brief).

Mr. *Martin G. Holleran,* Assistant County Prosecutor, argued the cause for respondent (*Mr. Brendan T. Byrne,* County Prosecutor of Essex County, attorney).

PER CURIAM. While rounding a curve on Essex Street in Millburn at about 11 P. M. on October 15, 1965, the defendant drove his car into a tree along the street curb. The damage to the tree was trivial or insubstantial but the car suffered considerable damage to its bumper, its front right fender and its headlights. The defendant drove away but a dispatcher for a nearby taxicab company telephoned the Millburn police and the defendant was picked up about a mile and a half away. He was charged with having violated *N. J. S. A.* 39:4–129 and was found guilty by the local magistrate. On appeal, his conviction was affirmed by the County Court which directed that he pay a fine of $50 plus court costs. He appealed to the Appellate Division and while the case was pending there we certified it on our own motion. It was argued before us along with *State v. Gill,* 47 *N. J.* 441 (1966).

As in *Gill* the sole charge is the alleged violation of section 129, the so-called "hit and run" statute; section 130 (*N. J. S. A.* 39:4–130), which prescribes reporting requirements where the accident results in any injury or in any property damage exceeding $100, is not in issue here. The question before us is whether section 129 applies where there has been no personal injury and no substantial property damage except to the driver's own vehicle. In many states the question has been put to rest by explicit statutory provision. Thus the District of Columbia Code provides that an operator whose vehicle "causes substantial damage to any other vehicle or property" shall be subject to fine or imprisonment for having failed to stop and identify himself. See *D. C. Code Ann.* tit. 40, § 609(a) (1961).

In *Scott v. District of Columbia,* 55 *A. 2d* 854 (*D. C. Mun. Ct. App.* 1947), the defendant's car skidded into another car, mashing its rear bumper, damaging its trunk and skirt, and knocking out its speedometer. In sustaining a conviction of

the defendant for having failed to stop and identify himself, the court first pointed out that the damage was "not nominal, trifling or illusory, but 'substantial' within the meaning of the statute"; it then stated:

"Congress in framing this statute intended to discourage and punish 'hit and run' drivers. It refrained from prescribing in terms of repair cost the amount or extent of damage intended to be covered. Such a money test could almost never be met by the average automobile driver; for he would hardly be able at the moment of a collision to make a financial calculation of the cost of repair and make an immediate decision as to whether to keep on going or remain and make his identity known. But any reasonable motorist should know whether the damage he had caused was substantial or not; and if there is any doubt about it he should obey the statute and not take the chance involved in leaving the scene of the accident." 55 *A. 2d*, at *p*. 855.

See also *Russell v. District of Columbia*, 118 *A. 2d* 519 (*D. C. Mun. Ct. App.* 1955); *cf. People v. Thomas*, 232 *App. Div.* 475, 250 *N. Y. S.* 413 (1931); *State v. Herbst*, 2 *Conn. Cir.* 236, 197 *A. 2d* 550 (*Cir. Ct. App. Div.* 1963).

The Delaware Code stipulates that if the damage is "to the property of the driver only" the statute is inapplicable (*Del. Code Ann.* tit. 21, § 4201 (*Supp.* 1964)) and, similarly, the Vermont Statute provides that where there is personal injury, or property damage other than to "the vehicle then under his control," the driver shall stop and identify himself. *Vermont Stat. Ann.* tit. 23, § 1004 (1959). The Pennsylvania Vehicle Code provides that where a driver strikes an unattended vehicle or property he shall locate and notify the owner or leave a suitable identifying note and thereafter notify the motor vehicle department "regardless of the amount of damage done to such unattended vehicle or property." *Pa. Stat. Ann.* tit. 75, § 1027(d) (1960). In *Rathjens License*, 31 *Pa. Dist. & Co. R. 2d* 621 (*C. P.* 1963), the court, noting that the statute "must be given a reasonable interpretation," held that it was inapplicable to a case where the defendant merely struck a curb and a utility pole six inches in from the curb, leaving scratch marks on the curb and scrape marks on the pole. In *Commonwealth v. Nagel*, 3 *Pa. Dist. & Co. R. 2d* 329 (*Q. S.*

1954), the defendant hit the steps in front of a home, chipping them and moving them out of place. His conviction was sustained in an opinion which suggested that, notwithstanding the breadth of the statutory language, there may be instances "where the damage to property is so trifling that no reasonable person would require literal compliance with the provisions of the Vehicle Code." 3 *Pa. Dist. & Co. R. 2d*, at p. 332.

■■ The New Jersey legislation contains no specific expression as to whether it is intended to apply where the only damage is to the driver's own vehicle; however, we are satisfied from its history and its commonly understood objective as a hit and run statute that it has no such intent. The original source of the legislation was *L.* 1921, *c.* 208 which provided that every person who shall knowingly cause injury "to any other person or to property in the possession or use of such person" shall at once stop and, upon request, identify himself. See *State v. Gill*, 89 *N. J. Super.* 104, 108–110 (*App. Div.* 1965). Clearly, that language excluded cases where the only damage was to the driver's own vehicle, and although there have been many later amendments to the statute, none of them was designed to broaden its scope in this respect. See *L.* 1924, *c.* 160; *L.* 1926, *c.* 152; *L.* 1928, *c.* 281; *L.* 1931, *c.* 171; *L.* 1932, *c.* 89; *L.* 1940, *c.* 147; *cf. Uniform Vehicle Code* (1962) sec. 10-105.

■■ Since, as we find, the defendant could not be brought under section 129 on the basis of the damage to his own car, the question remains as to whether the damage to the tree was sufficient to bring him under it. We incline to reject the defendant's contention that in the light of the legislative reference to "the vehicle collided with," section 129 should be confined strictly to cases where the property damage is to another's vehicle, but we need not pursue that issue for we are satisfied that, wholly independent therefrom, the record before us does not establish the charged violation. The legislation should be construed sensibly and with due regard for the reasonable expectations of those who are subject to its terms. It

seems hardly likely that it was either intended to or would generally be taken to include within the callous class of hit and run drivers, those who accidentally graze or strike but do no substantial damage to highway abutments, street curbs, utility poles and trees along the curbs, and the like. When the tree struck by the defendant here was examined by expert witnesses, it showed no damage other than 4 or 5 inches of loosened bark and a slight bare spot. They testified that no permanent damage had been done, that no repairs were required, and that "the bark will heal right back." We are of the opinion that the damage is fairly to be viewed as trivial or insubstantial, that the statute is to be construed as inapplicable to such damage, and that consequently the defendant's conviction under section 129 is to be set aside.

Reversed.

*For reversal* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO — 6.

*For affirmance* — None.