Irby MALLOY, Appellant,

v.

UNITED STATES, Appellee.

No. 4717.

District of Columbia Court of Appeals.

Argued Sept. 9, 1968.

Decided Oct. 24, 1968.

3. 120 A.2d at 207.

4. Cf. Slayton v. Jordan, 42 App.D.C. 421 (1914).

Nicholas A. Addams, Washington, D. C., appointed by this court, for appellant.

David A. Clarke, Jr., Special Asst. U. S. Atty., for appellee. David G. Bress, U. S. Atty., Frank Q. Nebeker, Clarence A. Jacobson, Robert S. Bennett, and William G. Reynolds, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before MYERS, KELLY and FICKLING, Associate Judges.

MYERS, Associate Judge.

After a nonjury trial, appellant was convicted of unlawful possession of heroin in violation of D.C.Code, § 33–402 (1967). His appeal charges that the evidence was legally insufficient to support his conviction.

■ In our review of an appeal from a conviction in the trial court, we must consider the evidence presented at trial, including all inferences reasonably arising therefrom, in a manner most favorable to the Government. We will not upset a conviction on the facts as long as there is evidence which reasonably permits the finding of guilt. Curley v. United States, 81 U.S. App.D.C. 389, 160 F.2d 229, cert. denied, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947). The Government, however, must have satisfied its burden of presenting evidence legally sufficient to support the conviction in the first instance, of proving every material element of the crime.

■ In the instant case, the Government was charged with proving appellant's *possession* of a substance and the *identity* of that substance as one proscribed by the narcotic drug statute. For us to affirm, we need only satisfy ourselves that there is evidence in the record which would reason-

ably permit a finding of these elements. The evidence must go further than merely raising the possibility that the elements are present. A conviction cannot rest on mere possibilities.[1] "Inferential proof of an ultimate fact may not be based upon a mere possibility, speculation or conjecture." Jackson v. District of Columbia, D.C.Mun. App., 180 A.2d 885, 888 (1962).[2] Circumstantial evidence is adequate to prove an essential element, such as possession in this case, only when "the only possible inference to be derived from it is that of guilt." Maryland & Virginia Milk Producers Ass'n v. United States, 90 U.S.App.D.C. 14, 23, 193 F.2d 907, 917 (1951). The Government must negate reasonable inferences which are consistent with innocence.[3] The accused is not charged with explaining away suspicious inferences. Dowell v. United States, D.C.Mun.App., 87 A.2d 630 (1952). It is thus of no significance that appellant elected not to testify on his own behalf.

The Government's case was based on the testimony of two special police officers, a narcotics squad detective, and a chemist. The two officers testified that, while on duty at St. Elizabeths Hospital, they had occasion to check a report that someone was passing something to patients in the maximum security building. They observed appellant, who met the description of the suspected party, leave his car and begin walking toward the building. The officers called after him, and had approached to a distance of 25–30 feet from him when he turned around, making what one officer described as a "quick motion, as if he was throwing something away." Neither officer saw an object of any kind leave appellant's hand, or strike the ground. When the officers reached appellant, they began searching the immediate vicinity and ques-

tioning him about his presence in the area. He explained that he was en route to deliver cigarettes to a patient in the building and was allowed to proceed. The officers continued their search. When appellant returned, he was instructed to leave the grounds. When appellant reached the main gate of the hospital he was arrested pursuant to the instructions of the two officers who had found, just after appellant had left the area, a small "silver wrapper," comparable to a nickel in size, containing several white capsules.

■■ At most, the Government created only a strong suspicion that appellant had ever had the "silver wrapper" in his possession. It was never seen in his hand, and it was never seen being thrown by him. In view of the difficulty the officers had in finding the wrapper and the fact that the area was open to all who visited the hospital and to all employees, the distinct possibility is raised that the wrapper had been dropped there by some one other than appellant. The Government's evidence fails to negate this reasonable inference. To uphold the conviction we would have to infer from the evidence, first, that appellant threw something, and, second, that that something was the wrapper which was later found. An inference built upon another inference to prove a material fact is too tenuous an evidentiary foundation to support a criminal conviction. We therefore conclude, as a matter of law, that the Government failed to meet its burden of proof with respect to appellant's possession. Under these circumstances, we do not deem it necessary to pass upon the question of whether the identified narcotic substance was present in such quantity as to be usable.[4]

Reversed with directions to enter a judgment of acquittal.

**1.** Davis v. United States, D.C.App., 230 A.2d 485 (1967); Peterson v. District of Columbia, D.C.Mun.App., 171 A.2d 95 (1961).

**2.** See also, Baker v. District of Columbia, D.C.Mun.App., 184 A.2d 198 (1962).

**3.** Borum v. United States, 127 U.S.App. D.C. 48, 380 F.2d 595 (1967); Townsley v. United States, D.C.App., 236 A.2d 63 (1967).

**4.** Cf. Marshall v. United States, D.C.App., 229 A.2d 449 (1967); Edelin v. United States, D.C.App., 227 A.2d 395 (1967).