Philip TUCHMAN, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 11006.

District of Columbia Court of Appeals.

Submitted Jan. 19, 1977.

Decided Feb. 24, 1977.

Melvin G. Bergman, Riverdale, Md., for appellant.

John R. Risher, Jr., Corp. Counsel, Louis P. Robbins, Principal Asst. Corp. Counsel, Richard W. Barton, Dennis McDaniel, Washington, D.C.., and Joseph A. Dugan, Jr., Asst. Corp. Counsel, were on the brief, for appellee.

Before KERN, YEAGLEY and MACK, Associate Judges.

YEAGLEY, Associate Judge:

Appellant was convicted after a nonjury trial of two traffic offenses, (1) leaving after colliding and causing personal injuries (Traffic and Motor Vehicle Regulations, Part I, § 17) and (2) driving without glasses in violation of his permit restrictions (appellant is not appealing the latter conviction). He alleges on appeal that because there was insufficient evidence of personal injuries to the complaining witness (Mr. Leo Jones), he cannot be convicted of the leaving after colliding charge. We disagree that there was insufficient evidence and affirm the conviction.

The accident out of which this conviction arose occurred when appellant was backing out of a gas station into which he had driven when he noticed a problem with his car's brakes. While backing up he realized that the brakes had failed completely. To avoid backing into heavy traffic, he intentionally maneuvered his car in order to stop it by colliding with a wall. While so maneuvering the car, appellant saw Mr. Jones walking nearby and also saw him push himself away from appellant's car with his hand. Appellant testified that he did not think that he had hit Mr. Jones.

Mr. Jones testified that appellant's car hit him in the pelvis causing him to fall to his knee and tear his pants. He testified

that he then went "immediately" to the gas station and called his minister. Appellant spoke with Mr. Jones at the scene of the accident but did not ask whether Mr. Jones was injured. Mr. Jones testified that he did not tell appellant that he was hurt, but that appellant could have seen from looking at him that he "was out of order, really."

Appellant did not identify himself to Mr. Jones, but drove away after telling Mr. Jones only that he "would be back." Appellant was returned to the scene of the accident by the police. Mr. Jones was taken by ambulance to a local hospital. Mr. Jones testified that as a result of the collision he has had trouble with urine and hand.

The traffic regulation appellant was convicted of violating is the same as D.C.Code 1973, § 40–609(a) which has been before this court on many occasions, but never on the "personal injury" issue presented in the instant case. *See generally, Peterson v. District of Columbia,* D.C.Mun.App., 171 A.2d 95 (1961); *Russell v. District of Columbia,* D.C.Mun.App., 118 A.2d 519 (1955); *Scott v. District of Columbia,* D.C.Mun.App., 55 A.2d 854 (1947).

■ In *Russell* we held that the conflicting evidence about the collision in that case was left "to the wisdom and experience of trial judges" and not reversible if substantial evidence supported the conviction. 118 A.2d at 520. Moreover, it is well established that in sufficiency of the evidence challenges, we must view the evidence in a light most favorable to the appellee, allowing for the fact finder to determine credibility[1] and to draw justifiable inferences. *In re J.N.H.,* D.C.App., 293 A.2d 878, 880 (1972). We also note that the statute at issue requires only that "personal injury" have occurred and does not quantify that

injury as it does in the case of leaving after colliding and causing "substantial property damage." *Scott v. District of Columbia, supra* at 855.

■ We need only find sufficient evidence of personal injury to sustain appellant's conviction evidence we find in the complaining witness' testimony.[2] We further note that appellant himself admits that he saw Mr. Jones push himself away from the car with his hand, an action which should have caused appellant to inquire about any injuries rather than to hastily leave the scene without identifying himself to Mr. Jones. In *Scott v. District of Columbia, supra* at 855, we opined that

> any reasonable motorist should know whether the damage he had caused was substantial or not; and if there is any doubt about it he should obey the statute and not take the chance involved in leaving the scene of the accident.

The conviction appealed from is

*Affirmed.*

---

1. In *O'Bryant v. District of Columbia,* D.C. App., 223 A.2d 799, 801 (1966), we held: "It is fundamental that the credibility of a witness is to be determined by the trier of fact, and such determination is not subject to review."

2. The record before us contains only a partial transcript of the proceedings below, namely Mr. Jones' and appellant's testimonies. The findings of the trial court, if any, were not included in the record on appeal. Our scope of review is governed by D.C. Code 1973, § 17–305.