STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. SAM L.
SAULINA, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued November 18, 1980—Decided December 16, 1980.

Before Judges BOTTER, KING and McELROY.

*Samuel V. Convery* argued the cause for appellant.

*Jennifer Gottschalk,* Assistant Prosecutor, argued the cause for respondent (*Alexander D. Lehrer,* Prosecutor of Monmouth County, attorney; *Mark P. Stalford,* Assistant Prosecutor, on the brief).

The opinion of the court was delivered by

KING, J. A. D.

This case presents a question of interpretation under the "hit-and-run" section of our motor vehicle code, *N.J.S.A.* 39:4–129. On January 21, 1980 defendant was convicted of a violation of subsection (a) in the Marlboro Municipal Court and the mandatory $100 fine for a first violation of that subsection was imposed.[1] On appeal to the Law Division, defendant was again

---

[1] *N.J.S.A.* 39:4–129(a) was amended, effective February 27, 1980, to increase monetary penalties, provide for a mandatory three-month minimum jail sentence for second offenders, and impose suspension or forfeiture of driving

found guilty in a trial *de novo* on the record. *R.* 3:23–8(a). On this appeal defendant contends that the evidence does not support his conviction under subsection (a) of *N.J.S.A.* 39:4–129. At oral argument defense counsel conceded that the evidence supported a finding of guilt under subsection (d).

The essentially undisputed facts are as follows: At around 5:30 p. m. on December 8, 1979 the 77-year-old defendant was driving his automobile from Jersey City to Marlboro Township to visit close friends, the Maltese family. As defendant was making a left-hand turn from Church Road onto Floyd Wykoff Road in Marlboro he struck a parked car. At trial he claimed that he was cut off by another car and was forced to run into the parked car.

Defendant immediately got out of his car in the residential neighborhood. No one was about. His nose was bleeding. After several minutes defendant got back into his car and drove to his friends' house at 14 Bruce Road, a corner property intersecting with Floyd Wykoff Road, one block away and within sight of the accident scene. Defendant parked his car in front of the Maltese house; he left it protruding out into the traveled portion of Floyd Wykoff Road. He immediately went inside the house to the bathroom to wash his face and inspect his injury. One of the occupants, Michael Maltese, came upstairs and observed defendant in the bathroom washing his face. He testified that defendant was bleeding from the nose and seemed stunned. Maltese went outside and saw defendant's car improperly parked, protruding into the traveled lane rather than against the curb. He pulled the car up into the driveway and partially into the garage attached to the Maltese home.

At 5:41 p. m. Patrolman Van Note of the Marlboro Township Police Department received a call from his dispatcher of an accident near the intersection of Floyd Wykoff Road and Church

---

privileges as additional sanctions. This amendment does not affect the issues in this case.

Road. He arrived at the scene "several minutes" later and observed a parked vehicle with rear-end damage. No one was at the scene. Van Note's superior, Sergeant Hall, arrived "two, three minutes later" and both officers followed the trail of radiator fluid in the street to defendant's car parked at the Maltese house.

Defendant Saulina said the police pulled up to the Maltese house only seven minutes after the accident, just as he finished washing his face. Michael Maltese said the police arrived immediately after he pulled the car into the driveway. Defendant then gave a statement to the police about the accident; his claimed injury was noted on the police report. Van Note said the owner of the damaged car, Richard Bradley of 41 Church Road, said "he was inside at that time eating dinner. He heard the accident, he came out and all he saw was his vehicle damaged." The defendant was given a ticket for a general violation of *N.J.S.A.* 39:4–129, without specification of subsection.

Our "hit-and-run" statute is divided into five subsections, (a) through (e). *N.J.S.A.* 39:4–129. We are here concerned with the interrelationship of subsections (a) through (d).[2] Our Supreme Court has observed that *N.J.S.A.* 39:4–129 "is comparable to hit and run statutes throughout the country, though it is not nearly as well drawn or as clearly expressed as most of them." *State v. Gill*, 47 *N.J.* 441, 443 (1966). The statute's purpose is to prevent "the automobile driver involved in an accident from evading his responsibilities by escaping or departing before" being identified. *Ibid.* The statute is to be construed so as to "fairly permit, the statutory objective . . . to be fulfilled" and "absurd or unreasonable results are . . . to be avoided." *Id.* at 444.

---

[2]Subsection (e), *L.* 1978, *c.* 180, created a presumption that the driver of any motor vehicle involved in an accident resulting in injury, death or property damage in the amount of $250 is rebuttably presumed to have knowledge that he was so involved. That section is irrelevant to this case.

Subsection (a), of which defendant was found guilty, stated at the time of the offense:

> (a) The driver of any vehicle involved in an accident resulting in injury or death to any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene until he has fulfilled the requirements of subsection (c) of this section. Every such stop shall be made without obstructing traffic more than is necessary. Any person who shall violate this subsection shall be fined in the sum of $100.00, or be imprisoned for a period of 30 days, or both, for the first offense, and for a subsequent offense shall be fined in the sum of $500.00, or be imprisoned for a period of 6 months, or both.[3]

The key phrase for our concern is "shall remain at the scene until he has fulfilled the requirements of subsection (c) of this section." Subsection (c) states in full:

> (c) The driver of any vehicle involved in an accident resulting in injury or death to any person or damage to any vehicle or property shall give his name and address and exhibit his operator's license and registration certificate of his vehicle to the person injured or whose vehicle or property was damaged and to any police officer or witness of the accident, and to the driver or occupants of the vehicle collided with and render to a person injured in the accident reasonable assistance, including the carrying of that person to a hospital or a physician for medical or surgical treatment, if it is apparent that the treatment is necessary or is requested by the injured person.
>
> In the event that none of the persons specified are in condition to receive the information to which they otherwise would be entitled under this subsection, and no police officer is present, the driver of any vehicle involved in such accident after fulfilling all other requirements of subsections (a) and (b) of this section, insofar as possible on his part to be performed, shall forthwith report such accident to the nearest office of the local police department or of the county police of the county or of the State Police and submit thereto the information specified in this subsection.

The first paragraph of subsection (c) clearly and humanely contemplates the concern for "reasonable assistance" for persons injured in the accident. The second paragraph of (c) contemplates that if the circumstances of the event frustrate compliance with subsections (a) and (b), the driver "shall forthwith

---

[3]Subsection (b) is essentially a repetition of the driver's obligation under (a), but where only property damage results this subsection specifies lesser penalties. A first offender may be fined no less than $25 and no more than $100, or imprisoned for not more than 30 days, or both.

report such accident" to the nearest local, county or state police departments. We deem "forthwith report" the accident to the police as critical to this case, for reasons we will indicate.

Finally, subsection (d) states:

> (d) The driver of any vehicle which collides with or is involved in an accident with any vehicle or other property which is unattended resulting in any damage to such vehicle or other property shall immediately stop and shall then and there locate and notify the operator or owner of such vehicle or other property of the name and address of the driver and owner of the vehicle striking the unattended vehicle or other property or, in the event an unattended vehicle is struck and the driver or owner thereof cannot be immediately located, shall attach securely in a conspicuous place in or on such vehicle a written notice giving the name and address of the driver and owner of the vehicle doing the striking or, in the event other property is struck and the owner thereof cannot be immediately located, shall notify the nearest office of the local police department or of the county police of the county or of the State Police and in addition shall notify the owner of the property as soon as the owner can be identified and located. Any person who violates this subsection shall be punished as provided in subsection (b) of this section.

Defendant concedes his responsibility for violating this subsection. The penalties for violation of subsection (d), incorporated by reference from subsection (b), are less severe then for violation of subsection (a).

Defendant here contends that a humane and harmonious reading of these several subsections justifies his conduct in going one block to his close friends' house rather than remaining at the scene, dripping blood from the nose, in an unfamiliar environment. Since no one was present on the street at the scene, and given the commendably timely response by the police, defendant asserts that the evidence does not support his adjudication of guilty under (c) for not "forthwith" reporting the accident to the nearest police station. The trial judges simply held that defendant has no right to leave the scene, whether or not he was injured.

Under any view of the evidence, the time lapse between the accident and the policemen's arrival at the Maltese home, one block from the accident scene, was between 7 and about 15

minutes. The municipal court judge fully accepted defendant's contention that he was injured in the accident. If the municipal court judge had disbelieved defendant and found no injury, defendant could have been convicted of a violation only of (b) or (d), which provide for lesser penalties than (a).

Assuming that the words "injury ... to any person" in (a) include injury to a defendant driver[4], we conclude that the evidence in this case, as accepted by the courts below, does not support the municipality's contention that defendant violated his correlative duty under (c), incorporated by reference in (a), to "forthwith report" the accident to the police. Defendant had a right to reasonably assist himself medically after the accident as well as the duty to so assist others at the scene. No one else was at the scene to accept a report. Defendant went one block to a known haven, within sight of the scene, and had just cleansed his injury when the police arrived. Thereafter, defendant was completely cooperative with the police and gave them a full statement. He testified that he intended to go back to the scene promptly and find the owner of the damaged car but the police arrived before he could act.

We contrast this case with *State v. Gill, supra.* There the defendant's car struck a parked and unoccupied vehicle in Avon at 1 a. m., causing substantial damage. Defendant copied the license number of the damaged car and remained in the vicinity for 10 or 15 minutes. He made no effort to contact anyone or go to the police department "located a few blocks away." 47 *N.J.* 443. He drove to his own home, also in Avon, and went to

---

[4]*Cf. State v. Patterson,* 47 *N.J.* 450 (1966) (subsection (b) of *N.J.S.A.* 39:4–129 construed to exclude damage to property of defendant driver; Legislature responded in *L.* 1967, *c.* 189, § 1, amending (b) to state "including his own vehicle."); *State v. Graney,* 174 *N.J.Super.* 455 (App.Div.1980) (construing *N.J.S.A.* 39:3–40, causing injury while driving on revoked list, to include injury to offending driver); see, also, *State v. Fearick,* 69 *N.J.* 32 (1976).

bed. At about 7:45 a. m. he finally went to police headquarters to report the accident. The accident had already been reported to the police, who arrived at the scene at 1:40 a. m. The Supreme Court found this lapse of six and three-quarters hours between accident and reporting inconsistent with the state's "high concern with contemporaneity" of reporting. *Id.* at 445.

On the present record, where the time lapse between the accident and the police appearance at the Maltese home was between 7 and 15 minutes, where the factfinder concluded that defendant was injured, and where defendant had just finished tending to his injury when the police arrived at the Maltese home, we conclude that there is reasonable doubt as a matter of law whether defendant violated his duty under subsection (c) to "forthwith" seek out a police officer. *Id.* at 446.

As noted, defendant concedes his guilt under subsection (d) which was designed to protect the interests of the owners of unattended vehicles. Defendant did not abandon an injured person at the scene, the evil which subsections (a) and (c) were designed to prevent. He was looking to his own injury and on the record before us we cannot say beyond doubt that it was unreasonable for him to have done so. A construction of the statute consistent with guilt under subsection (d) alone is the result most harmonious with the legislative objective under these facts.

At oral argument defendant consented to our exercise of original jurisdiction for the purpose of adjudicating his guilt under subsection (d). *R.* 2:10–5. The judgment of the Law Division is modified to reflect a finding of guilt under *N.J.S.A.* 39:4–129(d); a fine of $50 is imposed see *R.* 2:10–3); costs shall be as entered below, $10 in the municipal court and $15 in the Law Division; the judgment of the Law Division is modified and, as so modified, is affirmed. No costs on this appeal.