**Frank Duane LUMBARDY, Petitioner,**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 79SC58.**

Supreme Court of Colorado, En Banc.

March 23, 1981.

Nelson & Phillips, P. C., Donald R. Nelson, Lakewood, for petitioner.

Nolan L. Brown, Dist. Atty., First Judicial Dist., Charles James Carroll, Deputy Dist. Atty., Golden, for respondent.

DUBOFSKY, Justice.

The defendant, Frank Duane Lumbardy, appeals his conviction under section 42–4–1402, C.R.S.1973 (1980 Supp.) (a part of the state's "hit and run" statutory scheme), for leaving the scene of an accident and failing to report the accident. Because we conclude that section 42–4–1402 applies only to accidents involving damage to a vehicle which is driven or attended by another person, it cannot serve as the basis of the defendant's conviction for leaving the scene of a single car accident. We therefore reverse.

In the early evening of March 19, 1978, the defendant drove off West 55th Avenue between Vance and Wadsworth in Arvada. His 1974 van came to rest in a V-shaped drainage ditch. The defendant, who was uninjured, was helped from his van by a friend who happened to drive past. The friend took the defendant to the defend-

ant's son's residence less than a mile from the accident site. The son called a towing company, and was told that an employee of the towing company would report the accident to the police.

Shortly thereafter the son drove to the accident location. The police, who had arrived at the scene, questioned him about the accident. He replied that his father had been driving the van. Two police officers then accompanied the son back to his residence, questioned the defendant, and returned with the defendant to the accident location. The defendant was arrested for driving under the influence of intoxicating liquor, section 42–4–1202(1)(a), C.R.S.1973, and leaving the scene of an accident, section 42–4–1402.

Trial was to the court. At the close of the People's case, the county judge dismissed the charge of driving under the influence of intoxicating liquor. At the close of the evidence, the judge convicted the defendant of violating section 42–4–1402.[1] The district court affirmed the defendant's conviction. We granted certiorari to review the decision of the district court and now reverse.

The defendant was charged and convicted under section 42–4–1402, C.R.S.1973 (1980 Supp.):

"The driver of any vehicle directly involved in an accident resulting only in *damage to a vehicle which is driven or attended by any person* shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall forthwith return to and in every event shall remain at the scene of such accident until he has fulfilled the requirements of section 42–4–1403 . . ."

(Emphasis added.)

Section 42–4–1403, C.R.S.1973, provides:

"(1) The driver of any vehicle involved in an accident resulting in injury to or death of any person or *damage to any vehicle which is driven or attended by any person*

*shall give his name*, his address, and the registration number of the vehicle he is driving and shall upon request exhibit his driver's license *to the person struck or the driver or occupant of or person attending any vehicle collided with . . .*"

(2) In the event that none of the persons specified are in condition to receive the information to which they otherwise would be entitled under subsection (1) of this section *and* no police officer is present, the driver of any vehicle involved in such accident . . . shall forthwith report such accident to the nearest office of a duly authorized police authority as required in section 42–4–1406 and submit thereto the information specified in subsection (1) of this section."

(Emphasis added.)

An identical Arizona "hit and run" statute requiring the operator of a vehicle involved in an accident causing personal injury to divulge his name, address, and the registration number of his vehicle to the person injured was described by the Arizona Supreme Court as

" . . . designed to 'prohibit drivers of motor cars from seeking to evade civil or criminal liability by escaping, before their identity can be established, and from leaving persons injured in collisions, in distress or danger, for want of proper medical or surgical treatment.' *State v. Severance*, 120 Vt. 268, 138 A.2d 425, 428. The gist of the offense is in concealing, or attempting to conceal the identity of one involved in an automobile accident wherein personal injuries are sustained. *People v. Nails*, 10 Ill.2d 279, 139 N.E.2d 744, 62 A.L.R.2d 1124."

*State v. Milligan*, 87 Ariz. 165 at 169, 349 P.2d 180 at 183 (1960).

■ Section 42–4–1402 plainly applies to an accident involving injury to someone other than the driver or damage to two or more vehicles. The statute contemplates a situation where there are other persons to

<hr>

[1] The defendant was fined $40.00 and assessed $8.00 in costs.

whom the driver should report information about himself.

The county court, in determining that section 42–4–1402 applied to the facts in this case, interpreted "any person" in the first sentence of the statute to refer back to "the driver." So construed, "accident," as used in the statute, would include all one car accidents since the driver and "any person" would be one and the same individual.

The district court affirmed the county court's interpretation of "any person." It also interpreted the emphasized "and" in section 42–4–1403(2), p. 3, *supra*, as an "or" in order to make section 42–4–1403 logically applicable to single vehicle accidents.

The defendant argues that the duties of a driver involved in a one car accident are prescribed by section 42–4–1406, C.R.S. 1973:

"(1) The driver of a vehicle involved in a traffic accident resulting in injury to or death of any person *or any property damage* shall, after fulfilling the requirements of section 42–4–1402 and 42–4–1403(1), give immediate notice of the location of such accident and such other information as is specified in section 42–4–1403(2) to the nearest office of the duly authorized police authority and, if so directed by the police authority, shall forthwith and without delay return to and remain at the scene of the accident until

said police have arrived at the scene and completed their investigation thereat." (Emphasis added.) We agree.[2]

■■■ Section 42–4–1406(1) unequivocally applies to a single car accident.[3] Apparently, the county court and the district court overlooked or ignored section 42–4–1406. Instead, they found it necessary to stretch the terms of section 42–4–1402 to "reasonably effect the legislative intent evidenced by the entire statutory scheme." The duty to report a single car accident under section 42–4–1406 is included within the leaving the scene of the accident ("hit and run") statutory scheme. *Gammon v. State Dept. of Revenue*, 32 Colo.App. 437, 513 P.2d 748 (1973). Therefore, section 42–4–1406, rather than section 42–4–1402, as interpreted by the two lower courts, is the provision requiring a driver to report property damage in a single car accident.[4] The facts of this case do not support the defendant's conviction under section 42–4–1402. .

We reverse and remand to the district court with directions to vacate the defendant's conviction.

**2.** We note that section 42–4–1406(1) requires drivers to comply with the requirements of section 42–4–1403(1). Our holding that section 42–4–1406 rather than section 42–4–1402 defines the duties incumbent upon the operator of a vehicle involved in a one car accident should not be construed to relieve the driver of that vehicle of the duty to render reasonable assistance to a passenger injured in such an accident. *See* sections 42–4–1401(1) and 42–4–1403(1).

**3.** Subsection (1) of section 42–4–1406 does not specify the amount of property damage required to trigger the reporting requirement of the statute. Here the damage was minimal, consisting of additional scrapes to an already battered van. The People, however, point out that the car was disabled because it was wedged in the ditch, and that police assistance

was necessary to stop traffic on 55th Avenue while the van was winched from the ditch. We express no opinion as to whether the evidence here was sufficient to support a conviction under section 42–4–1406. *Cf. State v. Patterson*, 47 N.J. 450, 221 A.2d 526 (1966) [A "hit and run" statute was not properly invoked when the only damage caused by the defendant's vehicle was a small area of loosened bark on a tree.]

**4.** Compare the language in section 42–4–1406 that "the driver of a vehicle involved in a traffic accident resulting in . . . any property damage . . ." with the language in section 42–4–1402 that "the driver of any vehicle directly involved in an accident resulting only in damage to a vehicle which is driven or attended by any person . . ."