## ODEN v. DISTRICT OF COLUMBIA.

### No. 6384.

United States Court of Appeals for the District of Columbia.

Argued May 6, 1935.

Decided July 22, 1935.

I. Irwin Bolotin and Charles I. Kaplan, both of Washington, D. C., for plaintiff in error.

E. Barrett Prettyman, Vernon E. West, and Stanley DeNeale, all of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice; ROBB, VAN ORSDEL, HITZ,· and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

This case is here on writ of error to the Police Court of the District of Columbia. The plaintiff in error, Alada C. Oden, hereafter referred to as defendant, was convicted on July 21, 1934, as a "hit and· run" automobile driver.

The information was laid under section 10 (a) of the Traffic Act of February 27, 1931, 46 Stat. 1427, for the District of Columbia, providing as follows: "Sec. 10. (a) Any person operating a motor vehicle, who shall injure any person therewith, or who shall do substantial damage to property therewith and fail to stop and give assistance, together with his name, place of residence, including street and number, and the name and address of the owner of the motor vehicle so operated, to the person so injured, or to the owner of such property so damaged, or to the operator of such other motor vehicle, or to any bystander who shall request such information on behalf of the injured person, or, if such owner or operator is not present, then he shall report the information above required to a police station or to any police officer within the District immediately."

It was charged in the information that in the operation of a motor vehicle she did "substantial damage to property therewith, did fail to stop and give assistance, together with her name, place of residence, including street and number, and the name and address of the owner of the vehicle so operated, to the owner of such property so damaged."

It appears that defendant, while operating her automobile, stopped it in the nighttime parallel to the parked automobile of the complaining witness. That one Raymond Saunders, who was a passenger in defendant's automobile, left the same momentarily, and on returning stepped inside and closed the door of the car. Defendant then moved her car, but the door not being tightly closed, Saunders opened it again for the purpose of closing it securely. The open door struck the parked car of the complaining witness, inflicting slight damages thereto. Defendant started driving up the street without knowledge of the collision until she was so advised by Mr. Saunders. She had then gone only a few car lengths. She then stated that she would move forward to the first available parking place, which was about 150 feet from the point of the collision and in the same block where the accident occurred. As she parked, Mr. John Wolf, in front of whose store the accident occurred, came to the place where she had parked and inquired why she had not stopped after striking his daughter's car. Defendant informed Wolf that it was not her fault, that it was Mr. Saunders' fault, and that he would assume responsibility. Thereupon Mr. Saunders and Mr. Wolf went back to the scene of the accident, where they inspected the damage, and Saunders agreed to assume responsibility and take the matter up with the owner of the car. Defendant's name was given, the number of her car, her residence, and all the requirements of the statute as .to information complied with. Defendant, assuming that the matter had been settled by the agreement of

Mr. Saunders, moved her car further up the block and nearer her residence, where she parked it and left it.

There is evidence to the effect that Saunders agreed the following morning to take care of the expense of the repair of the car, which would cost from 4 to 6 dollars, but that later on he repudiated his obligation, and the present information was filed.

The object and purpose of the "hit and run" statute is to prevent persons involved in a collision from escaping detection, and also to assure the procuring of information which will insure complete identification of the party, the car, and the location of his residence. While it requires information which may be used in a suit for damages, it may not be used any more than any other criminal statute as a vehicle to force unwilling settlement of a civil claim, and that, as we think, was the motive behind this prosecution.

The undisputed fact that defendant stopped and parked her automobile at the nearest available point, when informed of the accident, at a distance not exceeding 150 feet from the point where the collision occurred, and furnished all the information, is, in our opinion, all that the statute requires, and in that view she should not be held liable for a criminal violation of the terms of the act. No attempt was made by her to escape or to avoid detection. The information required was voluntarily given, and at a place so near the point where the collision occurred that it should be deemed a sufficient compliance with the statute. In other words, what admittedly happened here is the equivalent of an immediate stop at the point of collision. The motion for a directed verdict, at the conclusion of all the evidence, should have been granted with the discharge of the defendant.

The judgment is reversed.