## SEHER v. DISTRICT OF COLUMBIA.

### No. 6979.

United States Court of Appeals for the District of Columbia.

Decided Jan. 24, 1938.

I. Irwin Bolotin, Samuel B. Brown, Norman Freedenberg, and Nathan M. Brown, all of Washington, D. C., for plaintiff in error.

Elwood H. Seal, Corp. Counsel, and Glenn Simmon, Asst. Corp. Counsel, both of Washington, D. C., for defendant in error.

Before GRONER, STEPHENS, and MILLER, Associate Justices.

STEPHENS, Associate Justice.

The plaintiff in error was convicted in the Police Court of the District of Columbia of violation of D.C.Code Supp. II, 1935, tit. 6, § 247, 46 Stat. 1427, 1428. The text of the statute is set forth in the margin.[1] Briefly, the statute makes it punishable by fine or imprisonment or both for the operator of a motor vehicle to flee from the scene of an accident. It was charged in the information that the plaintiff in error, while operating a motor vehicle in the District of Columbia, did substantial damage 'to property therewith and thereafter failed to stop and give assistance, together with his name and place of residence, to the owner of the damaged property, as required by the statute. At the trial it was shown for the District of Columbia that: The plaintiff in error, while driving easterly on Maryland Avenue, N. E., on December 1, 1936, struck an automobile belonging to one R. E. Roberts, parked at the south curb in front of 647 Maryland Avenue and did substantial damage to the Roberts car; a parkway in

[1] "Fleeing from Scene of Accident—Driving under the Influence of Liquor or Drugs

"(a) Any person operating a motor vehicle, who shall injure any person therewith, or who shall do substantial damage to property therewith and fail to stop and give assistance, together with his name, place of residence, including street and number, and the name and address of the owner of the motor vehicle so operated, to the person so injured, or to the owner of such property so damaged, or to the operator of such other motor vehicle, or to any bystander who shall request such information on behalf of the injured person, or, if such owner or operator is not present, then he shall report the information above required to a police station or to any police officer within the District immediately.

\* \* \*

"Any operator whose motor vehicle causes substantial damage to any other vehicle or property and fails to conform to the above requirements, shall, upon conviction of the first offense, be fined not more than $100, or be imprisoned not more than thirty days, or both; and for the second or any subsequent offense, be fined not more than $300, or be imprisoned not more than ninety days, or both."

the center of the Avenue divides it into two one-way streets and the south side on which the plaintiff in error was driving easterly was, at the point of collision, wide enough for three cars to drive abreast; there were no moving vehicles at the time near the Roberts car, and none attempting to pass the car at the time of the collision; the plaintiff in error did not stop, but on the contrary continued easterly, zigzagging from the south side of the Avenue to the center parkway, striking another car parked at the curb in the 800 block, and turning then, at the intersection of Maryland Avenue and 12th Street, into F Street, and continuing along F Street until he ran over the curb and struck a tree in the 1200 block on F Street and stopped; he was shortly thereafter arrested.

In his own behalf the plaintiff in error testified that: Immediately after the collision with the Roberts car, he looked for a parking place close to the curb so that he would not block traffic; due to the congested condition of the street there was no place to park at the curb on Maryland Avenue, and he therefore proceeded as far as 12th Street and turned into F Street, where he thought he would find a parking place; there was a parking place at the curb in the 1200 block of F Street where he stopped; this was the first available parking place. He further testified "that he at no time intended to make a get away or to hide his identity; that he intended to park his car at the first available parking place and to return to the scene of the impact in order to learn the identity of the persons whose automobiles he had struck; that before he could do so, Officer Klotz arrived at the place where he was parked and that he thereupon went to No. 9 Precinct with said officer and gave his name and address . . . ; that he parked of his own volition . . . ; that he lived . . . a short distance from the place where his automobile struck the tree . . . ."

At the close of the evidence, the plaintiff in error requested the trial judge to instruct the jury as follows:

"[Prayer Number 1] The Jury are instructed that if they believe from the evidence the [that] the defendant intended to park at the first available parking place and to return to the point of the collision, and that he did so park with this intention, that they must find him not guilty as charged in the Information.

"[Prayer Number 2] The jury are instructed that intent to commit the instant crime is an important element, and that if they believe from the evidence that the defendant did not intend to commit the crime as charged in the Information, then they must find him not guilty."

The trial judge refused to give either of these prayers. He did, however, after the usual preliminary explanation to the jury of the presumption of innocence, of the burden of proof, and of the meaning of reasonable doubt, instruct the jury as follows:

"It is a question of fact for you to determine from all the evidence offered in this case whether or not the car operated by this defendant struck the car of the witness Mr. Roberts, and if you find that he did strike Mr. Roberts' car it is for you to determine whether he had knowledge that his car struck Mr. Roberts' car and did substantial damage thereto and to determine whether he went away from the scene of the collision without making his identity known to the owner of the property so damaged, namely the witness, Mr. Roberts.

"You are to place a reasonable interpretation upon the statute, and the mere fact that the defendant did not stop in his tracks or the mere length of his car does not necessarily mean that he violated the statute as charged in the Information.

"If you believe from all the evidence in this case that the defendant stopped his car within a reasonable distance from the scene of the collision under all the fact[s] and circumstances in this case, and with the intention of returning to the scene of the collision and making his identity known to the owner of the first car struck, but was prevented from so doing by being taken into custody by the officer, then your verdict should be 'Not guilty'."

The refusal of the court to grant the prayers of the plaintiff in error is assigned as error and constitutes the principal issue on the appeal.

■ 1. The plaintiff in error relies upon Oden v. District of Columbia, 1935, 65 App. D.C. 50, 79 F.2d 175, as requiring the trial judge to give Prayer Number 1. The District of Columbia takes the position that the case cited does not have the effect claimed for it. We think the District is correct. In Oden v. District of Columbia, a criminal proceeding under the statute involved in the

instant case, it appeared that the defendant did not, at the moment of contact, know that her car had struck another. It further appeared without dispute that when informed of the accident by a passenger, the defendant stopped and parked her car at the nearest available point, a distance not exceeding 150 feet from the point of collision, and that she then furnished all of the information required by the statute. We held that under those circumstances the defendant had done all that the statute required. We said:

"No attempt was made by her to escape or to avoid detection. The information required was voluntarily given, and at a place so near the point where the collision occurred that it should be deemed a sufficient compliance with the statute. In other words, what admittedly happened here is the equivalent of an immediate stop at the point of collision." [65 App.D.C. 50, at page 51, 79 F.2d 175, at page 176]

What the Oden Case holds, strictly on its own facts, is that stopping at the first available parking place, when such parking place is within 150 feet of the scene of the accident, is a compliance with the statute. The case does not hold that the driver of a car may, after an accident, comply with the statute by going to the first available parking place at the curb, no matter how far away from the scene. The theory of the decision in the Oden Case is that the statute requires a driver, in the event of a collision, to stop within a reasonable distance. Prayer Number 1 not only was not required by the Oden Case, but also it does not correctly reflect the purpose of the statute as expressed in that case. We think, moreover, that not only was the plaintiff in error not entitled to Prayer Number 1 as phrased, but also that the instructions given by the court, above set forth, fully protected the rights of the plaintiff in error under the statute.

2. Urging that intent is a necessary element in the crime charged, the plaintiff in error asserts that Prayer Number 2 should have been given. Assuming, without deciding, that intent is a necessary element, we think that the requested instruction was nevertheless correctly refused, because it told the jury that "intent to commit the instant crime" was an important element, and that if they believed from the evidence that the plaintiff in error did not intend "to commit the crime as charged in the information," then they must find him not guilty. It is not intent to commit the crime which is a material element; it is intent to commit the acts made criminal by the statute. Moreover, again, the instructions given by the court, above quoted, protected the plaintiff in error under his theory of the law.

3. At the close of the evidence the plaintiff in error made a motion for a directed verdict, and this was denied. This also is assigned as error. It is argued in support of the motion that the District failed to prove that the plaintiff in error intended to violate the statute, and that on the contrary the evidence of the District's witnesses showed that he did not so intend. Again assuming, without deciding, that intent is a necessary element in the offense, we think it cannot be said that there was no substantial evidence in the case from which the jury could conclude that the plaintiff in error intentionally failed to stop and give assistance, and his name and place of residence, as required by the statute. While the plaintiff in error testified that he intended to return and give the assistance and information required, the jury was at liberty to disbelieve him under the circumstances in the case, and to conclude from his conduct, as testified to by the District's witnesses, that he did not so intend.

Affirmed.