UNITED STATES

v.

**Airman First Class Richard E. SEEGER, FR 467–86–6637, USAF Hospital Tachikawa, Fifth Air Force (PACAF).**

ACM S24363 (recon.).

U. S. Air Force Court of Military Review.

Sentence Adjudged 12 Dec. 1975.

Decided 29 July 1976.

Appellate counsel for the Accused: Colonel Jerry E. Conner and Captain Kenneth R. Powers, USAFR.

Appellate counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain John H. DeLuce, USAFR.

Before LeTARTE, EARLY and FORAY, Appellate Military Judges.

DECISION UPON RECONSIDERATION

FORAY, Judge:

Upon original review of the record of trial in this case, this Court, by its decision dated 12 April 1976, affirmed the approved findings of guilty and the sentence. Subsequent thereto, appellate defense counsel filed a Motion for Reconsideration based on the ground, raised now for the first time,

that the evidence introduced at the trial failed to establish the accused's guilt of the offense of leaving the scene of an accident without making his identity known (Charge IV and its specification). We found the Motion for Reconsideration to be not timely filed within the ten days allowed under Rule 19b of the Courts of Military Review Rules of Practice and Procedure.[1] However, since the Motion was filed within the thirty-day period established under Rule 19a of these rules, we have decided on our own motion to reconsider our prior decision.

In order to fully understand the import of appellate defense counsel's recent claim, a recitation of the pertinent facts is necessary.

On 11 November 1975, at approximately 1345 hours, the accused was driving his privately owned vehicle on Tachikawa Air Base, Japan. Riding with him as passengers were an Airman Lieb and an unidentified airman. While driving on one of the roadways on the installation, the accused turned his vehicle sharply in order to enter a parking area. During the turning maneuver the vehicle tipped to one side, fell over, and slid on its side along the pavement for a short distance. Several airmen who were in the vicinity of the parking area at the time went to the vehicle, righted it, and helped the accused and his passengers dismount from the vehicle. The accused then resumed driving his vehicle along the parking area to a parking place hear his assigned quarters, a distance of approximately three hundred yards from the scene of the accident. There, he parked the vehicle and, shortly thereafter, walked with Airman Lieb, who had been slightly injured, to a nearby bus stop where they intended to take a bus to the base hospital. While at the bus stop, the accused was apprehended by a security policeman detailed to investigate the traffic incident. The police investigation showed there was no property damaged as a result of the incident other than the accused's vehicle.

Upon these facts the accused was convicted of wrongfully and unlawfully leaving the scene of an accident without making his identity known. The gist of appellate defense counsel's contention is that this evidence is insufficient to sustain the finding of guilty of that offense. Necessarily included in this claim is the question of whether the driver of a vehicle involved in an accident, who leaves the scene of the accident without making his identity known, has committed an offense in violation of Article 134, Code, 10 U.S.C. § 934, where the only damage caused in the accident was to the driver's property and the only injury is incurred by the driver or a passenger in his vehicle.

Generally, any duty imposed upon a driver of a vehicle involved in an accident or collision causing property damage or personal injury to another is primarily determined by statute.[2] The terms of the statutes among the different jurisdictions are varied.[3] In the main, they require motorists who are involved in accidents or collisions and who know property damage or personal injury has been sustained thereby to *others*, whether or not attributable to the motorists' fault, to stop and identify themselves and, in some jurisdictions, to render aid or assistance to injured parties as is reasonable and necessary. In addition, some of the statutes require motorists to report their involvement in such accidents or collisions to the police or other authorities. These statutes are principally aimed at an indifferent class of motorists known as "hit and run drivers" and enjoin, under threat of substantial punishment, the negligent and heedless motorists from fleeing scenes of accidents before their identities

---

1. See Air Force Manual 111–4, Courts of Military Review Rules of Practice and Procedure, paragraph 19, 1 August 1969.

2. Air Force Regulation 125–14, Motor Vehicle Traffic Supervision, (C1) paragraph 4–6, 31 May 1974, establishes procedures to be followed for reporting motor vehicle accidents to Air Force law enforcement personnel. See *United States v. Bolton*, 23 C.M.R. 929 (A.F.B.R.1957).

3. These statutes exist in each jurisdiction within the United States. *United States v. Eagleson*, 3 U.S.C.M.A. 685, 14 C.M.R. 103 (1954).

are made known in order to evade the civil or criminal liabilities that may attach therefrom. See 7 Am.Jur.2d, Automobiles and Highway Traffic, Section 246; 3 Wharton Criminal Law, Hit and Run Driving, Section 1003; 61A C.J.S. Motor Vehicles § 674(2)a; *Oden v. District of Columbia,* 65 App.D.C. 50, 79 F.2d 175 (1935); *United States v. Thiel,* 18 C.M.R. 934 (A.F.B.R. 1955).

Of the many provisions included in the hit and run statutes, one which is substantially similar in application among the jurisdictions is that dealing with the requirement imposed on a motorist to comply with such statute when involved in an accident resulting in property damage only. Similarities among the provisions of certain statutes as to when that requirement is imposed were discussed by the Supreme Court of New Jersey in *State of New Jersey v. Patterson,* 47 N.J. 450, 221 A.2d 526 (1966). There, the Court considered the appeal of a defendant who had been convicted by a lower court of the offense of leaving the scene of an accident without making his identity known. The defendant had struck a tree growing alongside a roadway causing extensive damage to his vehicle and "trivial" damage to the tree consisting of loosened bark which would grow back. He left the scene of that accident without making his identity known and was arrested a short time later. Based on those facts he was charged with the offense of which he was ultimately convicted.

In that case, the Supreme Court of New Jersey was confronted with the question of whether Section 4–129, New Jersey Statutes Annotated, Title 39, the hit and run statute, applied where no personal injury was incurred nor any property damage caused other than to the defendant's vehicle. The Court stated that in many other jurisdictions the question had been "put to rest" by the explicit terms of their respective statutes. By way of illustration, the Court then compared the pertinent provisions of the hit and run laws of the District of Columbia, Delaware, Vermont, and Pennsylvania. The Code of the District of Columbia provided that an operator of a vehicle who caused "substantial damage" with his vehicle to the property or vehicle of another shall be subject to a punishment of a fine or imprisonment for failing to stop and identify himself. District of Columbia Code, 1961 Edition, Title 40, Section 609(a). The Delaware Code did not make a vehicle operator criminally liable for leaving the scene of an accident if the resultant damage was to "the property of the driver only." Delaware Code Annotated, 1964 Edition, Title 21, Section 4201. In Vermont the law required a driver to stop and identify himself at the scene of an accident if there was damage to property other than "the vehicle then under his control." Vermont Statutes Annotated, 1959 Edition, Title 23, Section 1004. One provision of the Pennsylvania statute was, seemingly, to the contrary. It appeared to impose an obligation on a vehicle operator who struck an unattended vehicle or property to locate and notify the owner "regardless of the amount of damage done to such unattended vehicle or property." Pennsylvania Statutes Annotated, 1960 Edition, Title 75, Section 1027(d). However, the Court noted that judicial interpretation in that jurisdiction indicated that there may be instances where property damage was "so trifling no reasonable person would require literal compliance with the provisions of the Vehicle Code."

In *Patterson,* the Court indicated that it did not find so specific an expression in the New Jersey hit and run statute, as was found in the others they examined, as to whether it was intended to apply in cases where the only damage done at an accident scene was to the driver's vehicle. Nevertheless, the Court went on to say it was satisfied from the history of the statute and its commonly understood purpose that the statute was not so intended. Accordingly, the Court reversed the defendant's conviction.

Although the issue before us is substantially the same as the one before the Supreme Court of New Jersey in *Patterson,* we are not able to rely upon the express terms of a statute to put the issue to rest.

There is no specific Article of the Uniform Code of Military Justice expressly denouncing the wrongful and unlawful leaving the scene of an accident without making identity known a crime. Nonetheless, it has long been recognized as an offense punishable under the provisions of Article 134, Code, supra, as conduct prejudicial to good order and discipline in the armed forces or as conduct of a nature to bring discredit upon the armed forces. *United States v. Eagleson*, 3 U.S.C.M.A. 685, 14 C.M.R. 103 (1954); *United States v. Waluski*, 6 U.S.C.M.A. 724, 21 C.M.R. 46 (1956).

Not only is a specific statutory provision absent from the Code, supra, also lacking is any discussion in the Manual for Courts-Martial, 1969 (Rev.), as to what constitutes the offense of leaving the scene of an accident without making identity known. All that may be found in the Manual pertaining to the offense is a sample form to be used as a guide in preparing the wording of a specification to allege the offense. Manual for Courts-Martial, supra, Appendix 6c, Form 152. The predecessor Manual for Courts-Martial, United States Air Forces, 1949, and Manual for Courts-Martial, 1951, also contained sample forms in their appendices which were to guide drafters of specifications alleging the offense under Article of War 96 (1949) or Article 134, Code, supra, respectively. Likewise, neither Manual contained any discussion as to what would constitute the offense. See *United States v. Eagleson*, supra; *United States v. Waluski*, supra; *United States v. Fleig*, 16 U.S.C.M.A. 444, 37 C.M.R. 64 (1966); *United States v. Perry*, 8 C.M.R. 842 (A.F.B.R.1953); *United States v. Thiel*, supra; *United States v. Rexroad*, 34 C.M.R. 783 (A.F.B.R.1963).

■ The wording of sample Form 152 in the Manual for Courts-Martial, 1969 (Rev.), Appendix 6c, is, with one addition, substantially similar to sample Form 142 of Appendix 6c, of the immediate predecessor *Manual*.[4] Both sample forms were predicated upon the provisions of the District of Columbia Code, Title 40, Section 609. The part of the District of Columbia Code that is pertinent to our decision follows:

> Any person operating a vehicle, who shall injure any person therewith, or who shall do substantial damage to property therewith and fail to stop and give assistance, together with his name, place of residence, including street and number, and the name and address of the owner of the vehicle so operated, to the person so injured, or to the owner of such property so damaged, or to the operator of such other vehicle, . . . .. Any operator whose vehicle caused substantial damage to *any other* vehicle or property and fails to conform to the above requirements, shall upon conviction . . .. (Emphasis supplied.)

Clearly, by its express terms, the requirements are imposed by that statute upon a motorist who causes property damage with his vehicle only when the motorist causes substantial damage to the vehicle or property of another. It was the intention of Congress, when enacting the statute, to discourage and punish the "hit and run" driver. *Scott v. District of Columbia*, 55 A.2d 854 (D.C. Munic. C.A. 1947).

■ With the foregoing in mind, we do not believe it was the intention of the drafters of Form 152, Manual for Courts-Martial, 1969 (Rev.) Appendix 6c, to have the specification form describe as an offense, a driver of a vehicle involved in an accident leaving the scene of that accident without making his identity known where the only property damage resulting was to that driver's vehicle. Simply stated, if the form was intended to create an offense where a driver, as under the circumstances here, did not stop at the scene of an accident and make his identity known to himself, it would have been an absurdity. It would be equally as absurd to require the driver to make his identity known to an injured passenger in his own vehicle when the driver's time would best be spent seeking medical aid for the passenger. It is clear the drafters of Form 152 intended the

---

4. See *United States v. Fleig*, supra.

 

offense described therein to discourage and punish the "hit and run" driver, i. e., the driver who would leave the scene of an accident in which he was involved without making his identity known in order to escape any civil or criminal liability that could be imposed for injury or property damage caused to *another. United States v. Thiel*, supra; *Cox v. District of Columbia*, supra. Cf. *United States v. Martinez*, 43 C.M.R. 764 (A.C.M.R.1971). This is conduct which would be directly and palpably prejudicial to good order and discipline within the armed forces or which would have a tendency to bring the services into disrepute or reduce its public esteem. Contrariwise, causing damage to one's own vehicle, or injury to one's passenger, as here, even assuming simple negligence was the proximate cause of the damage or injury, would be conduct which would be only remotely and indirectly prejudicial to good order and discipline or service discrediting. Such is not the type of conduct contemplated as unlawful by Article 134, Code, supra. Manual for Courts-Martial, supra, paragraph 213*b*. See *United States v. Caballero*, 23 U.S.C.M.A. 304, 49 C.M.R. 594 (1975); *United States v. Priest*, 21 U.S.C.M.A. 564, 45 C.M.R. 338 (1972); *United States v. Sadinsky*, 14 U.S.C.M.A. 563, 34 C.M.R. 343 (1964); *United States v. Eagleson*, 11 C.M.R. 893 (A.F.B.R.1953).

For the reasons stated, we find the evidence introduced at the trial of this case was insufficient to show beyond a reasonable doubt the accused committed the offense of wrongfully and unlawfully leaving the scene of an accident without making his identity known, in violation of Article 134, Code, supra. Accordingly, the findings of guilty of Charge IV and its specification are set aside. We adhere to our original decision of 12 April 1976, regarding the remaining approved findings. Reassessing the sentence based on the remaining affirmed findings of guilty, we find only so much of the approved sentence as provides for confinement at hard labor for three months and reduction to the grade of airman basic

to be appropriate. The sentence, as thus modified, is

Affirmed.

LeTARTE, Chief Judge, and EARLY, Senior Judge, concur.