**UNITED STATES**

v.

**Alan R. LITTLETON, Jr., Private First Class (E–2), U.S. Marine Corps.**

**NMCCA 200300735.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 27 Aug. 2002.

Decided 16 Nov. 2004.

Maj. J.Ed Christiansen, USMC, Appellate Defense Counsel.

LCDR Ricardo Berry, JAGC, USNR, Appellate Defense Counsel.

Lt. Donald Palmer, JAGC, USNR, Appellate Government Counsel.

Before CARVER, Senior Judge, WAGNER, and REDCLIFF, Appellate Military Judges.

WAGNER, Judge:

A military judge, sitting as a special court-martial, convicted the appellant, pursuant to his pleas, of failure to go to his appointed place of duty, unauthorized absence, violating a base order by driving on base without a driver's license, escape from custody, disrespect to a noncommissioned officer, driving a vehicle recklessly and while under the influence of alcohol, and fleeing the scene of an accident. The appellant's conduct violated Articles 86, 91, 92, 95, 111, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 891, 892, 895, 911, and 934.

The appellant was sentenced to a bad-conduct discharge, confinement for 100 days, forfeiture of $700.00 pay per month for 4 months, and reduction to pay grade E–1. Pursuant to a pretrial agreement, the convening authority approved the adjudged sentence, but suspended confinement in excess of 60 days.

The appellant contends that his guilty pleas to Charge VI, fleeing the scene of an accident, and its sole supporting specification are improvident because the accident in question did not result in injury to a person other than the driver or a passenger in the driver's vehicle, or damage to the property of another. The appellant also alleges that his sentence was unjustifiably severe. After carefully considering the record of trial, the appellant's assignments of error, the government's response, and the appellant's reply brief, we concur that the appellant's plea to Charge VI was improvident and will take corrective action in our decretal paragraph. We affirm the remaining findings and the sentence. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

**Facts**

The facts giving rise to the charge of fleeing the scene of an accident are straightforward and are not in dispute. The appellant, who had no driver's license, was driving alone in a borrowed vehicle at a high rate of speed and while under the influence of alcohol. Military police gave chase, during which

the appellant failed to negotiate a curve and hit the curb, resulting in damage to the borrowed vehicle, but no apparent damage to any other persons or property. The appellant, knowing the vehicle was severely damaged, jumped out, and continued to flee the police on foot.

## Discussion

The appellant contends that his plea of guilty to fleeing the scene of an accident was improvident because the accident in question did not result in injury to a person other than the driver or a passenger in the driver's vehicle, or damage to property other than the driver's vehicle. MANUAL FOR COURTS-MARTIAL, UNITED STATES (2002 ed.), Part IV, ¶ 82b. We agree.

The standard of review applied is whether the record of trial shows a substantial basis in law and fact for questioning the guilty plea. *United States v. Jordan*, 57 M.J. 236, 238 (C.A.A.F.2002)(discussing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A.1991)).

The elements of the offense of fleeing the scene of an accident under Article 134, UCMJ, as they apply to this case, are:

(a) That the [appellant] was the driver of a vehicle;

(b) That while the [appellant] was driving the vehicle was involved in an accident;

(c) That the [appellant] knew that the vehicle had been in an accident;

(d) That the [appellant] left the scene of the accident without providing identification;

(e) That such leaving was wrongful; and

(f) That, under the circumstances, the conduct of the [appellant] was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

MCM, Part IV, ¶ 82b. The explanation accompanying this offense in the Manual states that it "covers 'hit and run' situations where there is damage to property other than the driver's vehicle or injury to someone other than the driver or a passenger in the driver's vehicle." MCM, Part IV, ¶ 82c(1).

Leaving the scene of an accident before providing identification to injured persons,

owners of damaged property, or law enforcement, otherwise known as "hit and run," has been considered conduct of a nature to bring discredit upon the armed forces punishable under Article 134, UCMJ, long before the elements of the offense were enumerated in MCM, Part IV, ¶ 82b. *United States v. Eagleson*, 14 C.M.R. 103, 108, 1954 WL 2099 (C.M.A.1954). The 1951 and 1969 versions of the MCM contained no specified offense for this conduct under Article 134, but Appendix 6c to those early versions did provide a sample specification for fleeing the scene of an accident. Courts operating under those Manual versions looked to similar statutes in civilian jurisdictions to define the scope and required elements of this crime, a fact made clear by the court in *Eagleson*, 14 C.M.R. at 108, when it stated that "[l]eaving the scene of an accident in which damage to person or property has resulted is specifically covered by statute in each jurisdiction of the United States." In fact, the specification form set out in the 1951 and 1969 Manuals is predicated upon the provisions of Title 40, § 609, District of Columbia Code. *United States v. Seeger*, 2 M.J. 249, 252 (A.F.C.M.R.1976). Generally, these statutes were intended to punish the "hit and run" driver in an effort to ensure that drivers identified themselves before leaving the scene of an accident so that injured persons or owners of damaged property could seek restitution. *Id.* (citing *Scott v. District of Columbia*, 55 A.2d 854 (D.C.Munic.C.A.1947)).

The current language of MCM, Part IV, ¶ 82, enumerating the elements and providing an explanation for the crime of fleeing the scene of an accident, first appeared in the 1984 edition of the MCM, Part IV, ¶ 82c. The analysis to that section states that the paragraph is based on the holding in *Seeger*, 2 M.J. at 252. Thus the President, in enumerating this offense, adopted the rationale laid out by the Air Force Court of Military Review for determining the scope and essential elements of the offense of fleeing the scene of an accident.

This court need go no further than a plain reading of the language in the MCM, Part IV, ¶ 82, to answer the issue presented. That language requires that there be injury

to some person other than the driver or a passenger in the driver's vehicle or damage to some property other than the driver's vehicle in order for the appellant to commit the crime of fleeing the scene of an accident. Accordingly, the findings of guilty to Charge VI and its sole supporting specification are set aside and dismissed.

### Sentence Appropriateness

Given the seriousness and extent of the offenses in which findings of guilty have been approved, and after reviewing the entire record, we find that, upon reassessment, the sentence is appropriate for this offender and his offenses. *United States v. Healy*, 26 M.J. 394, 395 (C.M.A.1988); *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A.1982); *see United States v. Peoples*, 29 M.J. 426, 428 (C.M.A.1990); *United States v. Sales*, 22 M.J. 305, 307 (C.M.A.1986); *United States v. Suzuki*, 20 M.J. 248, 249 (C.M.A.1985).

### Conclusion

Accordingly, the findings of guilty to Charges I through V and their supporting specifications and the sentence, as approved by the convening authority, are affirmed.

Senior Judge CARVER and Judge REDCLIFF concur.