UNITED STATES

v.

Kevin M. QUINN–MONREAL, Lance Corporal (E–3), U.S. Marine Corps.

NMCCA 200401632.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 30 Dec. 2003.

Decided 9 Aug. 2006.

CDR Hans Graff, JAGC, USNR, Appellate Defense Counsel.

LT Anthony S. Yim, JAGC, USNR, Appellate Defense Counsel.

LT Guillermo Rojas, JAGC, USNR, Appellate Government Counsel.

Before ROLPH, Chief Judge, HARTY, Senior Judge, and GEISER, Appellate Military Judge.

ROLPH, Chief Judge:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of failure to go to his appointed place of duty, making a false official statement, wrongful destruction of non-military property, larceny, and fleeing the scene of an accident. The appellant's conduct violated Articles 86, 107, 109, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 907, 909, 921, and 934.

The adjudged and approved sentence includes confinement for 150 days, forfeiture of $767.00 pay per month for 5 months, reduction to pay grade E–1, and a bad-conduct discharge. In accordance with the terms of a pretrial agreement, the convening authority suspended confinement in excess of 120 days for a period of 12 months.

This case was initially submitted without specific assignment of error. Following our initial review of the record, we specified an issue to counsel concerning whether the appellant's guilty plea to fleeing the scene of an accident was provident in light of this court's decision in *United States v. Littleton*, 60 M.J. 753 (N.M.Ct.Crim.App.2004). *See also United States v. Harris*, 30 M.J. 1150 (A.C.M.R. 1990); *United States v. Seeger*, 2 M.J. 249 (A.F.C.M.R.1976).

After carefully considering the record of trial and the briefs submitted by counsel in response to the specified issue, we conclude that the appellant's plea to fleeing the scene of an accident was provident. After addressing ambiguity in the convening authority's action, we conclude that all the findings and the sentence are correct in law and fact and that no error remains that is materially prejudicial to the substantial rights of the appellant. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

**Facts**

At the time of his offenses, the appellant was a 19–year–old Marine stationed at Camp Pendleton, California. At approximately 0100 on the morning of 8 September 2003,

the appellant stole his roommate's Toyota Celica with the intent to use it to commit suicide. The appellant drove the stolen vehicle along a road on Camp Pendleton and then intentionally jerked the steering wheel so that the vehicle would crash into a dirt embankment. Although the vehicle rolled over twice and landed upside down, the appellant was wearing a seat belt and suffered only minor injuries. The vehicle was destroyed. After the vehicle came to a stop, the appellant crawled out and ran back to his barracks to avoid being caught with the destroyed stolen vehicle. The appellant saw military police heading to the accident scene as he ran away from the scene. At trial, the appellant pled guilty to fleeing the scene of an accident.

### Discussion

In response to the specified issue, the appellant now asserts that his pleas of guilty to the Additional Charge and its specification are improvident because the accident in question did not result in injury to a person other than the driver or a passenger in the driver's vehicle, or damage to property other than the driver's vehicle. We disagree.

The standard of review to determine whether a plea is provident is whether the record reveals a substantial basis in law and fact for questioning the plea. *United States v. Jordan*, 57 M.J. 236, 238 (C.A.A.F.2002)(citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A.1991)). We consider the entire record in evaluating the providence of a guilty plea. *Id.* at 239.

The elements of the offense of fleeing the scene of an accident under Article 134, UCMJ, as they apply to this case, are:

(a) That the [appellant] was the driver of a vehicle;

(b) That while the [appellant] was driving the vehicle was involved in an accident; [1]

(c) That the [appellant] knew that the vehicle had been in an accident;

(d) That the [appellant] left the scene of the accident without providing identification;

(e) That such leaving was wrongful; and

(f) That, under the circumstances, the conduct of the [appellant] was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

MANUAL FOR COURTS-MARTIAL, UNITED STATES (2002 ed.), Part IV, ¶ 82b(1). The elements as reflected in the Manual do not specify a particular type of damage or injury required for this offense. However, the explanation accompanying this offense in the Manual states that it "covers 'hit and run' situations where there is damage to property other than the driver's vehicle or injury to someone other than the driver or a passenger in the driver's vehicle." *Id.* at ¶ 82c(1).

In *Littleton*, we examined the scope of conduct that the President intended to target in enumerating this offense under Article 134, UCMJ. The appellant in that case was driving alone in a lawfully borrowed vehicle when military police began to pursue him. The pursuit ended when the appellant lost control of his vehicle and struck a curb. Although the collision severely damaged the borrowed vehicle, there was no apparent damage to any other persons or property. The appellant then fled the accident scene on foot. At trial, Littleton pleaded guilty to fleeing the scene of an accident.

Finding the plea improvident in *Littleton*, we held that the plain language of the Manual for Courts-Martial "requires that there be injury to some person other than the driver or a passenger in the driver's vehicle or damage to some property other than the driver's vehicle in order for the appellant to commit the crime of fleeing the scene of an accident." *Littleton*, 60 M.J. at 754–55. The appellant's position in this case is that, because the record contains no evidence that any person other than the appellant was injured in the accident in question, or that the accident caused any damage to property

---

1. While in this case the appellant's acts were intentional and not truly accidental, we conclude that the term "accident" as used here is a term of art meant to include any vehicular collision, whether intentional or accidental. *See United States v. Hammond*, 60 M.J. 512, 516 (Army Ct.Crim.App.2004), *aff'd in part*, 60 M.J. 457 (C.A.A.F.2005)(summary disposition).

other than the vehicle the appellant was driving, we must find his pleas of guilty to this offense improvident. We disagree.

We find it significant to our analysis that the vehicle driven by the appellant in this case was owned by his roommate, and that the appellant stole it. Specifically, we believe the appellant's pleas are provident because he was driving a stolen vehicle at the time of the accident and therefore caused damage to property other than his own when he intentionally destroyed that vehicle. We believe this is exactly the type of scenario that Congress had in mind in drafting this particular UCMJ offense.

In *United States v. Seeger*, 2 M.J. 249 (A.F.C.M.R.1976), the case upon which the current language of MCM, Part IV, ¶ 82, was premised,[2] the then Air Force Court of Military Review carefully examined multiple civilian statutes and authorities pertaining to leaving the scene of an accident. It is clear from that review that the purpose of these "hit and run" statutes, and of our MCM provisions on "fleeing the scene of an accident," is to discourage and punish those "who would leave the scene of an accident in which [they were] involved without making [their] identity known in order to escape any civil or criminal liability that could be imposed for injury or property damage caused to another." *Id.* at 253 (citing *United States v. Thiel*, 18 C.M.R. 934, 1955 WL 3394 (A.F.B.R.1955) and *United States v. Martinez*, 43 C.M.R. 764, 1971 WL 12878 (A.C.M.R.1971)); *see United States v. Harris*, 30 M.J. 1150, 1151 (A.C.M.R.1990). This case involves the exact brand of "hit and run" conduct that Article 134, UCMJ, seeks to discourage. The appellant stole his roommate's keys and car in the early morning hours, then drove away with the intent to use the car as his means for committing suicide. After intentionally crashing the car into a dirt mound (causing it to roll twice), and inflicting substantial damage, the appellant ran away from the scene specifically to avoid both civil and criminal liability for what he had just done. This is precisely the conduct made punishable by this Article 134 offense. The accused admitted such on the record, as well as the fact

that his conduct was prejudicial to good order and discipline, as well as service-discrediting. Record at 32–33. The facts in this case are clearly distinguishable from those in *Seeger, Harris,* and *Littleton,* which involved situations where the appellants only damaged their own vehicles or a vehicle they were lawfully operating. We are satisfied that, on these facts, the appellant's plea of guilty to this offense is provident.

We are not unmindful of the incriminating potential involved in both reporting a collision or accident, and remaining at the scene of such, as required by this Article 134, UCMJ, offense. However, the Supreme Court of the United States has examined this issue carefully and concluded that "hit and run" statutes which require drivers of motor vehicles involved in an accident resulting in damage to property, or injury to people, to stop at the scene and provide their name and address, do not violate the constitutional privilege against compulsory self-incrimination. *California v. Byers*, 402 U.S. 424, 91 S.Ct. 1535, 29 L.Ed.2d 9 (1971). While the duty to stop at the scene of an accident may give rise to inferences that the motorist believed he was the "driver of a vehicle involved in an accident," such inferences have been held not to be communicative or testimonial in the sense of the Fifth Amendment's privilege against self-incrimination. *Id.* at 432–33, 91 S.Ct. 1535.

## Convening Authority's Action

Although not assigned as error, or specified as an issue, we note that the convening authority's action in this case is ambiguous as regards the adjudged confinement. It reads as follows:

> "... the sentence is approved and, except for the bad-conduct discharge, ordered executed, *but execution of that part of the sentence extending to 120 days is suspended for a period of 12 months from the date of this action,* at which time, unless the suspension is sooner vacated, the suspended part of the sentence will be remitted without further action."

The pretrial agreement in this case clearly states that "... all confinement in excess of

---

2. *See* analysis of Article 134, fleeing scene of accident, appendix 23, at A23–20.

One Hundred Twenty (120) days will be suspended for a period of twelve (12) months from the date of the convening authority's action, at which time, unless sooner vacated, the suspended portion will be remitted without further action." Appellate Exhibit II at 1. This language and result was also proposed for the action in the staff judge advocate's recommendation (SJAR). SJAR at 3, ¶ 4. Unfortunately, it never made it into the final action, which was drafted for the convening authority by the staff judge advocate.

Under normal circumstances, we resolve ambiguities in the convening authority's action by returning the case to the convening authority for clarification through a new action. Because of the excessive post-trial delay in the processing of this relatively straight-forward special court-martial, we will not delay the case further due to lack of attention to detail by the convening authority and his staff judge advocate. Instead, we will interpret this action in a light most favorable to the appellant. The sentence as approved by the convening authority included: a bad-conduct discharge, confinement for 150 days, forfeitures of $767 pay per month for 5 months, and reduction to E–1. However, in light of the ambiguous wording of the convening authority's action, we conclude that all confinement in excess of 30 days was suspended for a period of 12 months from the date of this action. Because the appellant appears not to have received the benefit of this suspended 120–day period, we will grant him forfeiture relief in our decretal paragraph.

### Conclusion

The findings as approved by the convening authority are affirmed. Only so much of the sentence as extends to a bad-conduct discharge, confinement for 150 days, forfeiture of $767 pay per month for 3 months, and reduction to pay grade E–1 is affirmed.

Senior Judge HARTY and Judge GEISER concur.